### IN THE CIRCUIT COURT OF THE
### TWENTIETH JUDICIAL CIRCUIT ST. CLAIR
### COUNTY, ILLINOIS

JUDY FAHRNER, individually, and on behalf of all
others similarly situated                                        )   Case No. 12 L 354
                                                             )
                                                             )   **FILED**
                                                             )   **ST. CLAIR COUNTY**
                                                             )   **JAN 2 5 2013**
Plaintiffs,                                                      )
                                                             )   *[signature]*
v.                                                               )   **CIRCUIT CLERK**
                                                             )
RAYMOND BITAR; NELSON BURTNICK;                                 )   CLASS ACTION COMPLAINT
FULL TILT POKER, LTD; TILTWARE, LLC;                            )
VANTAGE, LTD; FILCO, LTD.; KOLYMA CORP.                         )
A.V.V.; POCKET KINGS LTD.;                                       )
POCKET KINGS CONSULTING LTD.;                                    )
RANSTON LTD.; MAIL MEDIA LTD.;                                   )
HOWARD LEDERER; PHILLIP IVEY JR.;                               )   JURY TRIAL DEMAND
CHRISTOPHER FERGUSON; JOHNSON                                    )
JUANDA; JENNIFER HARMON-TRANIELLO;                              )
PHILLIP GORDON; ERICK LINDGREN; ERIK                            )
SEIDEL; ANDREW BLOCH; MIKE MATUSOW;                            )
GUS HANSEN; ALLEN CUNNINGHAM; PATRIK                           )
ANTONIUS, RAFAEL FURST,RATIONAL FT                              )
ENTERPRISES LIMITED.                                             )
                                                             )
Defendants.                                                      )

### FIRST AMENDED CLASS ACTION COMPLAINT

NOW COMES Plaintiff: JUDY FAHRNER, individually, and on behalf of

similarly situated, by and through her attorney, Lloyd M. Cueto, and brings this action as a class

action pursuant to 735 ILCS 5/2-801, *et seq.,* and alleges as follows:

### NATURE OF ACTION

1.      JUDY FAHRNER, individually, and on behalf of others similarly situated (the

"Class"), brings this action against RAYMOND BITAR; NELSON BURTNICK; FULL TILT

POKER; TILTWARE, LLC; VANTAGE, LTD; FILCO, LTD; RATIONAL FT ENTERPRISES



LIMITED; KOLYMA CORP. A.V.V.; POCKET KINGS LTD.; POCKET KINGS CONSULTING LTD.; RANSTON LTD.; MAIL MEDIA LTD.; HOWARD LEDERER; PHILLIP IVEY JR.; CHRISTOPHER FERGUSON; JOHNSON JUANDA; JENNIFER HARMON-TRANIELLO; PHILLIP GORDON; ERICK LINDGREN; ERIK SEIDEL; ANDREW BLOCH; MIKE MATUSOW; GUS HANSEN; ALLEN CUNNINGHAM; AND PATRIK ANTONIUS ("Defendants"), for claims relating to the marketing, promotion, advertising, transacting, maintaining, engaging and perpetuating of an illegal gambling enterprise, collectively known as "Full Tilt Poker". Through their illegal acts, Defendants knowingly and intentionally accepted gambling losses in violation 720 ILCS 5/28-8.

## PARTIES

2.      Plaintiff, JUDY FAHRNER, is and at all times relevant to this action was, a resident of St. Clair County, Illinois.  JUDY FAHRNER is a party of interest in this controversy pursuant to 720 ILCS 5/28-8 (b) not only because she is "any person" within the definition of Section 28-8(b) but because she is and was at all times relevant directly related to and impacted by someone who lost money gambling on Full Tilt Poker.

3.      This is a Class Action for money damages. Pursuant to 720 ILCS 5/28-8, Plaintiff, acting individually and on behalf of all others similarly situated, is the proper party to initiate this civil action.

4.      Plaintiff seeks class certification pursuant to 735 ILCS 5/2-801, *et seq.*

      A.      Plaintiffs are Illinois residents and persons qualified under 720 ILCS 5/28-8 to prosecute a civil suit against Full Tilt Poker concerning its illegal internet gambling operation and the recovery of losses related to said operation.

B.   Named Plaintiff, Judy Fahrner, represents a state-wide class of Illinois residents closely related to gambling losers entitled to recover a civil action as defined by 720 ILCS 5/28-8.

C.   Plaintiffs bring suit to demand return of gambling losses, and for other such recovery as required by 720 ILCS 5/28-8.

5.     Defendant Companies, along with the Individual Defendants (all owners, directors, and officers or principals of the Defendant Companies) and outsiders, associated with each other in the form of an Enterprise ("Enterprise") to accomplish a common purpose: engage and perpetrate illegal gambling activities to channel Illinois residents' funds into Full Tilt Poker.

6.     **Defendant Raymond Bitar** ("Bitar") is an individual residing in the State of California. Bitar is-and at all or some relevant time(s) was -a shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Bitar is and/or was CEO of Tiltware LLC since its founding in 2003 and Bitar is one of only two managing members of Tiltware LLC. At all times relevant to this Complaint, Bitar was a founder, owner, and principal decision-maker for Full Tilt Poker, an internet poker company founded in or about 2004 with headquarters in Ireland. At various times relevant to this Complaint, Full Tilt Poker did business through several privately held corporations and other entities, including but not limited to Tiltware, LLC, Kolyma Corporation A.V.V., Pocket Kings Ltd., Pocket Kings Consulting Ltd., Filco Ltd., Rational FT Enterprises Limited, Vantage Ltd., Ranson Ltd., Mail Media Ltd., and Full Tilt Poker Ltd. (collectively, "Full Tilt Poker"). As of March 2011, Full Tilt Poker was the second-largest poker operator offering gambling on poker games to Untied States residents. Bitar most likely played poker against Illinois residents online through Full Tilt Poker.

7.     Defendant **Howard Lederer** ("Lederer") is an individual residing in the State of Nevada and a member of the Enterprise. Lederer is – and at all relevant times was – a

shareholder and director of, and/or participant in, Full Tilt and/or one or more Full Tilt

Companies. Lederer is a founder of the Full Tilt Poker side and brand and, a professional poker

player himself, is a member of Team Full Tilt. As a member of the Team, Lederer represents the

Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that

bear the easily recognizable Full Tilt Poker patch. At all times relevant, Lederer was the

president of Full Tilt Poker and a managing member of Tiltware LLC with Bitar. Lederer most

likely played poker against Illinois residents online through Full Tilt Poker.

8.     **Defendant Christopher Ferguson** ("Ferguson") is an individual residing in the

State of California and a member of the Enterprise. Ferguson is and has been, at all or some

relevant time(s), a shareholder and director of, and/or a participant in, Full Tilt and/or one or

more Full Tilt Companies. Ferguson is a founder of the Full Tilt site and brand and, a

professional poker player himself, is a member of Team Full Tilt. As a member of the Team,

Ferguson represents the Full Tilt brand in poker-related events all over the world, wearing

clothing and accessories that bear the easily recognizable Full Tilt Poker patch. At all times

relevant, Ferguson was Chairman of the Board of Directors of Tiltware LLC. Ferguson most

likely played poker against Illinois residents online through Full Tilt Poker.

9.     **Defendant Rafael Furst** ("Furst") is an individual residing in the State of

California and a member of the Enterprise. Furst is and has been, at all or some relevant time(s),

a shareholder and director of, and/or a participant in, Full Tilt and/or one of more Full Tilt

Companies. Furst is a founder of the Full Tilt site and brand and, a professional poker player

himself, is a member of Team Full Tilt. As a member of the Team, Furst represents the Full Tilt

brand in poker-related events all over the world, wearing clothing and accessories that bear the

easily recognizable Full Tilt Poker patch. At all times relevant, Furst was on the board of

Directors of Tiltware LLC. Furst most likely played poker against Illinois residents online through Full Tilt Poker.

10.   **Defendant Nelson Burtnick** ("Burtnick") is an individual residing in Ireland, and is and/or was, starting in 2009, an employee of Full Tilt Poker Ltd. and the head of the payment processing department for Full Tile (and/or its Member Companies). Burtnick has directed or otherwise participated in the conduct of the Full Tilt Company affairs, especially with respect to payment processing activity.

11.   **Defendant Full Tilt Poker Ltd.** is the corporate person with which the members of the Full Tilt Team have contracted.

12.   **Defendant Tiltware LLC** ("Tiltware") is a corporate person and the exclusive poker software developer and licensor for Full Tilt. Tiltware is also the Full Tilt market wing, and is headquartered and registered at all relevant time(s) in California. Tiltware has participated in and/or directed Full Tilt Poker and its illegal acts. Tiltware is the parent company of Pocket Kings Ltd., Pocket Kings Consulting Ltd., Filco Ltd., and other Full Tilt Companies. Individual Defendants owned the following approximate percentages of Tiltware: Bitar (7.8%), Lederer (8.6%), Ferguson (19.2%) and Furst (2.6%). At all times relevant, said individual Defendants comprised the Board of Directors of Tiltware.

13.   **Defendant Vantage, Ltd.** ("Vantage"), is a corporate person registered in Alderney, in the Channel Islands, with which users of the Full Tilt website, including specifically, "persons situated in North America," enter into an "End User License Agreement." That Agreement states: "Adult users of all skill levels who are situated in North America can

download the propriety gaming software needed to participate in poker tournaments and to play online interactive games of poker for real money at www.FullTiltPoker.com." Vantage has participated in and/or directed Full Tilt Poker and its illegal acts. Vantage is licensed, on behalf of Full Tilt, to register new customers, accept deposits from new and existing customers, permit withdrawal of funds by existing customers and permit participation by customers in gambling transactions and game play.

14.     **Defendant Filco Ltd.** ("Filco"), is a corporate person that holds or held, at all or some relevant time(s), the "eGambling" license issued by the Aldemey Gambling Control Commission. Filco has participated in and/or directed Full Tilt Poker and its illegal acts. Filco is explicitly named in Pocket Kings Ltd. documents as a related company to Pocket Kings Ltd., among others, and Filco's corporate parent is Tiltware. As a licensee of the Aldemey Gambling Control Commission, Filco is licensed, on behalf of Full Tilt Poker, to register new customers, accept deposits from new and existing customers, permit withdrawal of funds by existing customers and permit participation by customers in gambling transactions and game play.

15.     **Defendant Kolyma Corporation A.V.V.** ("Koylma") is a corporate person and an Aruban financial services limited liability company. Kolyma has participated in and/or directed Full Tilt Poker and its illegal acts. Kolyma is the legal owner of the Full Tilt website.

16.     **Defendant Pocket Kings Ltd.** ("Pocket Kings"), is a corporate person, headquartered in Ireland, and is responsible for "operating" the Full Tilt website. Pocket Kings has at all or some relevant time(s) provided "[t]echnology and [m]arketing consulting services to the online poker industry and one of the fastest growing poker sites, Full Tilt Poker." Pocket Kings is a member of the Enterprise and has participated in and/or directed Full Tilt Poker and

its illegal acts. Pocket Kings' parent company is Tiltware. Pocket Kings is a "related company" to, *inter alia,* Filco Ltd., Rational FT Enterprises Limited, Pocket Kings Consulting, Ltd., and a BVI incorporated company called My West Nook Limited.

17.     **Defendant Pocket Kings Consulting Ltd.** ("Pocket Kings Consulting"), is a corporate person headquartered in Ireland. Pocket Kings Consulting is a related company to Pocket Kings, Filco, Rational FT Enterprises Limited, and My West Nook Limited. Pocket Kings Consulting is the exclusive consultant to Full Tilt Poker.

18.     **Defendant Ranston Ltd.** ("Ranston") is a corporate person in whose name Full Tilt Poker funds are held in Switzerland. Ranston is a member of the Enterprise and has participated in and/or directed the conduct of Full Tilt Poker in aid of its illegal acts.

19.     **Defendant Mail Media Ltd.** ("Mail Media") is a corporate person in whose name Full Tilt Funds are held in Switzerland. Mail Media is a member of the Enterprise and has participated in and/or directed the conduct of Full Tilt Poker in aid of its illegal acts.

20.     **Defendant Philip Ivey Jr.** ("Ivey") is an individual residing in the State of Nevada and a member of the Enterprise. Ivey is and at all relevant times was a shareholder and director of, and/or a participant in, Full Tilt and/or one or more Full Tilt Companies. Ivey is a founder of the Full Tilt Poker side and brand and, a professional poker player himself, is a member of Team Full Tilt. As a member of the Team, Ivy represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Ivey is said to hold at least a 5% stake in the Full Tilt venture. Ivey most likely played poker against Illinois residents online through Full Tilt Poker.

21.     **Defendant Johnson Juanda** ("Juanda") is an individual residing in the State of California, and is a member of the Enterprise. At all or some relevant time(s), Juanda has been a shareholder and director of, and/or a participant in, Full Tilt and/or one or more Full Tilt Companies. Juanda, a professional poker player himself, is a member of Team Full Tilt. As a member of the team, Juanda represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Juanda most likely played poker against Illinois residents online through Full Tilt Poker.

22.     **Defendant Jennifer Harman-Traniello** ("Harman") is an individual residing in the State of Nevada and is a member of the Enterprise. At all or some relevant time(s), Harman has been a shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Harman, a professional poker player herself, is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Harman most likely played poker against Illinois residents online through Full Tilt Poker.

23.     **Defendant Phillip Gordon** ("Gordon") is an individual residing in the State of Washington, and is a member of the Enterprise. At all or some relevant time(s), Gordon has been a shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Gordon, a professional poker player himself is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Gordon most likely played poker against Illinois residents online through Full Tilt Poker.

24.     **Defendant Erick Lindgren** ("Lindgren") is an individual residing in the State of

Nevada, and is a member of the Full Tilt Enterprise. At all or some relevant time(s), Lindgren has been a shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Lindgren, a professional poker player himself, is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Lindgren most likely played poker against Illinois residents online through Full Tilt Poker.

25.     **Defendant Erik Seidel** ("Seidel") is an individual residing in the State of Nevada, and is a member of the Enterprise. At all or some relevant time(s), Seidel has been a shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Seidel, a professional poker player himself is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Seidel most likely played poker against Illinois residents online through Full Tilt Poker.

26.     **Defendant Andrew Bloch** ("Bloch") is an individual residing in the State of Nevada, and is a member of the Enterprise. At all or some relevant time(s), Bloch has been a shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Bloch, a professional poker player himself, is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Bloch most likely played poker against Illinois residents online through Full Tilt Poker.

27.     **Defendant Mike Matusow** ("Matusow") is an individual residing in the State of Nevada, and is a member of the Enterprise. At all or some relevant time(s), Matusow has been a

shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Matusow, a professional poker player himself, is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Matusow most likely played poker against Illinois residents online through Full Tilt Poker.

28.    **Defendant Gus Hansen** ("Hansen") is an individual residing in the Kingdom of Denmark, and is a member of the Enterprise. At all or some relevant time(s), Hansen has been a shareholder and director of Full and/or one or more Full Tilt Companies. Hansen, a professional poker player himself, is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Hansen most likely played poker against Illinois residents online through Full Tilt Poker.

29.    **Defendant Allen Cunningham** ("Cunningham") is an individual residing in the State of California, and is a member of the Enterprise. At all or some relevant time(s), Cunningham has been a shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Cunningham, a professional poker player himself, is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Cunningham most likely played poker against Illinois residents online through Full Tilt Poker.

30.    **Defendant Patrik Antonius** ("Antonius") is an individual residing in the Republic of Finland, and is a member of the Enterprise. At all or some relevant time(s), Antonius has been a shareholder and director of Full Tilt and/or one or more Full Tilt Companies.

Antonius, a professional poker player himself, is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Antonius most likely played poker against Illinois residents online through Full Tilt Poker.

31.     **Defendant Rational FT Enterprises Limited** is a corporate person that holds or held, at all or some relevant times, a gaming license from the Isle of Man Gambling Supervision Division. Rational FT Enterprises Limited has participated in and/or directed Full Tilt Poker and/or its member companies and its illegal acts. Upon information and belief, Rational FT Enterprises Limited is, or at all relevant times was, the parent company of each of the Defendants. As a licensee, Rational FT Enterprises Limited is licensed to register new customers, accept deposits from new and existing customers, permit withdrawal of funds by existing customers, and permit participation by customers in gambling transactions and game play. Rational FT Enterprises Limited is headquarted in the Isle of Man.

## CLASS ACTION ALLEGATIONS

32.     Plaintiffs bring this action as a class pursuant to 735 LLCS 5/2-801.

a.     *Numerosity.* The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that there are hundreds of thousands -possibly millions of Illinois poker players who lost money to Full Tilt and whose close relatives are entitled to tripled recovery of said losses in accordance with 720 ILCS 5/28-8.

b.     *Commonality.* Common questions of law and fact exist as to all members

of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

> A.   Whether an illegal gambling enterprise existed in violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8.;
>
> B.   Whether Defendants were each employed by or associated with the enterprise;
>
> C.   Whether Defendants participated in the conduct or affairs of the enterprise;
>
> D.   Whether injuries to Plaintiff were sustained by reason of the Defendants' activities in violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8.

   c.   *Typicality.* Plaintiff's claims are typical of the claims of the members of the Class because close relatives of Illinois residents who lost money gambling through Full Tilt Poker are entitled to tripled recovery pursuant to Section 28-8(b).

   d.   *Adequacy.* Plaintiffs will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class actions and complex civil litigation. Plaintiffs have no interests antagonistic to or in conflict with those of the Class.

   33.   Class action status in this action warranted because prosecution of separate actions by members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical manner, be dispositive of the interests of the other members not parties to the actions, or substantially impair or impede their ability to protect their interests.

   34.   Class action status is also warranted because prosecution of separate actions by

members of the Class would create a risk of establishing incompatible standards of conduct for defendants, and questions of law or fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to the other available methods for the fair and efficient adjudication of this controversy.

## JURISDICTION AND VENUE

35.     Subject Matter Jurisdiction. This Court has jurisdiction over this action pursuant to 720 ILCS 5/28-8 and 720 ILCS 5/28-1.

36.     Personal Jurisdiction. This Court has personal jurisdiction over the Defendants because all Defendants, through their conduct and participation with the Enterprise, have done significant and continuous business in the State of Illinois.

37.     Named Plaintiff, and those plaintiffs defined in the class are residents of the State of Illinois. These plaintiffs sustained their injuries in the State of Illinois.

38.     Venue. Venue is proper in this Circuit because there is no other circuit in which every defendant can be found, and because there is no single identifiable district in which a substantial part of the relevant events can be said to have 'occurred' or where a substantial part of the property that gave rise to the action is physically located.

## FACTUAL BACKGROUND

39.     Full Tilt is an umbrella undertaking and brand name under which a number of privately held companies and other venues, the "Full Tilt Companies," do business in the State of Illinois, the United States and internationally.

40.     Full Tilt's primary face to Illinois residents has been the Full Tilt Poker internet

gambling venture, which includes the online card rooms accessed through the Full Tilt software, which is downloaded from Full Tilt's "real-money" gambling website, "fulltiltpoker.com." The Full Tilt Poker internet gambling venture is a product that was launched, directed, and managed, in part, by members of the Enterprise working in concert.

41.     Full Tilt also maintained an aggressive marketing team that promoted Full Tilt in the State of Illinois and elsewhere. Full Tilt sponsored certain high-stakes gambling events around the world; sponsored the Full Tilt Team; partnered with ESPN to televise certain high-stakes gambling events; produced advertisements for Full Tilt's "play-money" site (www.fulltiltpoker.net) that aired on cable television (including the Game Show Network) and were posted on the internet. Full Tilt Team members played high stakes poker games as representatives of Full Tilt, wearing the Full Tilt insignia. These advertisements were specifically directed to poker players. When Full Tilt's marketing efforts were successful, they induced gamblers to navigate to Full Tilt's website and open an account there. Full Tilt deliberately established contacts with gamblers in Illinois and derived revenue from gamblers in Illinois because it intended to keep or grow its stake in the Illinois internet poker market.

42.     Full Tilt's direct commercial contacts with Illinois residents include:

- accepting gambling losses from Illinois residents;
- soliciting players through internet advertisements and links;
- buying advertisements on television programs that are readily accessible to residents of Illinois;
- sponsoring high-stakes games (and ESPN poker programming) televised to residents in Illinois.;

- obtaining contact and personal information, including bank account information, from Illinois residents through the internet;

- entering into a contract with internet gamblers from Illinois regarding the Full Tilt software that real money and play-money players downloaded;

- maintaining player accounts for all Illinois resident players and providing access to those accounts through the internet;

- sponsoring poker celebrities, including the Individual Defendants, to play (in person) for the Full Tilt brand and wear Full Tilt patches in televised games shown in Illinois.

- Established and/or associated with Illinois companies whose sole purpose is/was to market for the Full Tilt Enterprise and entice players to join their site.

43.     There were a number of companies and individuals working within the Full Tilt outfit - all agents, representatives, directors, owners, officers and/or principals of the Full Tilt outfit that were joined together for the purpose of obtaining and processing players' funds. The entities in the Enterprise shared the common purposes of maintaining Full Tilt's position in the market by enabling and participating in transactions with Illinois residents.

44.     Full Tilt Companies that formed the Enterprise include, but are not limited to, the following groups:

A.     The Full Tilt Team of professional poker players who own and, in part, direct, the Full Tilt Enterprise;

B.  Tiltware, the exclusive poker software developer and licensor for the Enterprise, and the Enterprise's marketing wing, headquartered and registered, at all or sometime(s) in California;

C.  Vantage, the corporate entity registered in Alderney, in the Channel Islands, with which users of the Full Tilt Poker website, including specifically, "persons situated in North America," enter into an "End User License Agreement." That Agreement states: "Adult users of all skill levels who are situated in North America can download the proprietary gaming software needed to participate in poker tournaments and to play online interactive games of poker for real money at www.FullTiltPoker.com." Funds are or were also held, in a Swiss bank in Vantage's name;

D.  Filco, the corporate entity that holds or held, at all or some relevant time(s) the "eGambling" license issued by the Alderney Gambling Control Commission;

E.  Kolyma, the Aruban financial services limited liability company that is eligible for exemptions form profit and dividend withholding tax, subject to limitations;

F.  Pocket Kings, the Irish company which "operates" the Full Tilt Poker site. Pocket Kings has, at all or some relevant time(s) provided "[t]echnology and [m]arketing consulting services to the online poker industry and one of the fastest growing poker sites, Full Tilt Poker";

G.  Pocket Kings Consulting;

H.  Ranston, the entity in whose name certain Full Tilt funds are or were held in Switzerland;

I.  Mail Media, the entity in whose name certain Full Tilt funds are Held in Switzerland;

J.  Full Tilt Poker Ltd., an apparent alternate name or entity associated with the Enterprise.

K.  Rational FT Enterprises Limited, the corporate entity that holds or held, at all or some relevant time(s) the gambling license issued by the Isle of Man Gambling Supervision Division and directs and/or directed the Full Tilt Enterprise.

45.     Each of the above-named entities is or was a member of the Full Tilt Enterprise at a time or times relevant to this Complaint.

46.     Profits from the Full Tilt Poker website, player deposits, gambling losses, licensing fees, agreements, merchandise sales, and other Full Tilt Poker ventures, are or were distributed amongst the Defendants.

47.     Illinois residents, during all relevant times, have been targeted by the Full Tilt marketing campaigns, have navigated to the Full Tilt website, have opened accounts deposited their own funds into those accounts, played "real money" poker using the Full Tilt Poker product and lost money to Defendants.

48.     On April 15, 2011, the card rooms were shut down by the Department of Justice. Individuals associated with the Enterprise were charged by the U.S. Attorney for the Southern District of New York in a criminal indictment which alleged wire fraud, bank fraud, money laundering, and operating in violation of State and Federal Laws. Defendants Bitar, Lederer, Ferguson, and Furst are among the named criminal defendants in that action. Full Tilt and associated entities are named as defendants in a companion civil action, also filed by the US Attorney for the Southern District of New York. In connection with these pending actions, the Department of Justice has seized and sought the forfeiture of Full Tilt assets, including its domain name, several of its bank accounts, and profits. The department of justice has not sought forfeiture of U.S. player funds.

49.     On or about April 15, 2011, the U.S. Attorney for the Southern District of New York seized the assets of the internet poker companies operating illegally in the

United States, one of which was "Full Tilt Poker." Arrest warrants were issued for certain founders of these companies for, among other offenses, money laundering, conspiracy to commit wire fraud, and The Department of Justice also filed a civil suit for in rem forfeiture of all assets and proceeds derived from the illegal acts in which these companies allegedly engaged.

50.     In or around August 2012, some and/or all of the Full Tilt Enterprise have been purchased by another poker enterprise, Pokerstars. Full Tilt has resumed operations and continues to receive gambling losses from residents of the state of Illinois.

51.     Hundreds of thousands -if not millions -of Illinois residents held and/or hold personal funds in individual, "secure" accounts with Full Tilt Poker. Customers regularly engage in internet poker games for real-money, on the Full Tilt website, using Full Tilt software, and drawing on their Full Tilt accounts.

52.     At all or some relevant time(s) Defendants joined together to form an illegal gambling enterprise ("Enterprise") -an association-in-fact which operated under the name of, acted through, and/or held itself out as "Full Tilt." The Enterprise achieved that end through illegal means, in particular through violations of 720 ILCS 5/28-1 (et.at.) and 720 ILCS 5/28-8.

53.     Illinois residents who played for real-money on the Full Tilt website were required to maintain a Player Account with Full Tilt. Illinois residents deposited their funds into their personal "secure" Player Accounts through a number of methods, including credit and debit card transactions and wire transfers. The deposited funds were

fraudulently comingled with Full Tilt's operational funds and dispersed to individual

Defendants. Upon information and belief, Full Tilt's Board of Directors distributed

approximately $443,860,529.89 to themselves and other owners between April, 2007

and April, 2011. Upon establishing their Player Accounts and depositing a minimum

sum into their Player Accounts, Illinois residents were free to play for "real-money" in

Full Tilt Poker card rooms with players from all over the world and even with

professional poker legends sponsored by Team Full Tilt.

54.    Team Full Tilt is composed of elite professional players, sponsored by Full Tilt,

who play for and promote the brand in high-stakes events like the internationally televised World

Series of Poker. Team members also directly interact with poker players through the Full Tilt

website, wear company gear with the Full Tilt insignia during all professional events, and make

public statements to publicize their affiliation with Full Tilt. Perhaps most importantly, all

members of the Team own an equity interest in -and are directors of-the Full Tilt and/or the

entities that operate under the Full Tilt name.

55.    At all relevant times herein, Defendants actions, individually and collectively,

violated 720 ILCS 5/28-1, in particular Subsections(a)(l) and (a)(12) which respectively state

that a person commits the unlawful act of gambling when he:

>    Plays a game of chance or skill for money or other thing of value,
>    unless excepted in subsection (b) of this Section; or
>
>    Knowingly establishes, maintains, or operates an Internet site that
>    permits a person to play a game of chance or skill for money or
>    other thing of value by means of the Internet or to make a wager
>    upon the result of any game, contest, political nomination,
>    appointment, or election by means of the Internet. This item **(12)**
>    does not apply to activities referenced in items (6) and (6.1) of
>    subsection (b) of this Section.

## COUNT I
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Raymond Bitar)

56.      Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

57.      720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

58.      720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

59.      The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

60.      Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT II
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Howard Lederer)

61.   Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

62.   720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

63.   720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

64.   The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

65.   Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of

720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to

720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated

respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set

forth before and for any other relief the Court deems proper.

## COUNT III
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Christopher Ferguson)

66.     Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into

this Count.

67.     720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any
> sum of money or thing of value, amounting to the sum of $50 or
> more shall pay or deliver the same or any part thereof, may sue for
> and recover the money or other thing of value, so lost and paid or
> delivered, in a civil action against the winner thereof, with costs, in
> the circuit court. No person who accepts from another person for
> "winner" of any moneys lost by such other person in or through
> any such transact-tions.

68.     720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection
> 28-8(a) is entitled to initiate action to re-cover his losses does not
> in fact pursue his remedy, any person may initiate a civil action
> against the winner. The court of the jury, as the case may be, shall
> determine the amount of the loss. After such determination, the
> court shall enter a judgment of triple the amount so determined.

69.     The defendant named in this Count individually, and in association with others

violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the

amount of Illinois residents' losses.

70.     Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois

residents from resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT IV
## (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Rafael Furst)

71.   Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

72.   720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

73.   720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

74.   The defendant named in this Count individually, and in association with others

violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

75.    Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's

perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT V
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Nelson Burtnick)

76.    Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

77.    720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

78.    720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

79.     The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount Illinois residents' losses.

80.     Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as

statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

<u>COUNT VI</u>
<u>(Violation of720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Full Tilt Poker, Ltd.)</u>

81.     Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

82.     720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

83.     720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not

in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

84.     The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

85.     Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5128-8(b).

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT VII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Tiltware LLC)

86.     Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

87.     720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through

any such transact-tions.

88.   720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

89.   The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

90.   Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated. respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT VIII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Vantage, Ltd.)

91.   Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

92.   720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or

delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

93. 720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

94. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

95. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT IX
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Filco, Ltd.)

96. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

97. 720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

98.    720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

99.    The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

100.    Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT X
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Kolyma Corporation A.V.V.)

101.    Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

102.    720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

103.    720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

104.    The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

105.    Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated

respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set

forth before and for any other relief the Court deems proper.

### COUNT XI
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Pocket Kings, LTD.)

106.    Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into

this Count.

107.    720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any
> sum of money or thing of value, amounting to the sum of $50 or
> more shall pay or deliver the same or any part thereof, may sue for
> and recover the money or other thing of value, so lost and paid or
> delivered, in a civil action against the winner thereof, with costs, in
> the circuit court. No person who accepts from another person for
> "winner" of any moneys lost by such other person in or through
> any such transact-tions.

108.    720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection
> 28-8(a) is entitled to initiate action to re-cover his losses does not
> in fact pursue his remedy, any person may initiate a civil action
> against the winner. The court of the jury, as the case may be, shall
> determine the amount of the loss. After such determination, the
> court shall enter a judgment of triple the amount so determined.

109.    The defendant named in this Count individually, and in association with others

violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the

amount of Illinois residents' losses.

110.    Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois

residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of

720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to

720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated

respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set

forth before and for any other relief the Court deems proper.

## COUNT XII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Pocket Kings Consulting, Ltd.)

111.    Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into

this Count.

112.    720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any
sum of money or thing of value, amounting to the sum of $50 or
more shall pay or deliver the same or any part thereof, may sue for
and recover the money or other thing of value, so lost and paid or
delivered, in a civil action against the winner thereof, with costs, in
the circuit court. No person who accepts from another person for
"winner" of any moneys lost by such other person in or through
any such transact-tions.

113.    720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection
28-8(a) is entitled to initiate action to re-cover his losses does not
in fact pursue his remedy, any person may initiate a civil action
against the winner. The court of the jury, as the case may be, shall
determine the amount of the loss. After such determination, the
court shall enter a judgment of triple the amount so determined.

114.    The defendant named in this Count individually, and in association with others

violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the

amount of Illinois residents' losses.

115.    Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XIII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Ranston, Ltd.)

116.    Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

117.    720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

118.    720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

119.    The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

120.    Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XIV
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Mail Media, Ltd.)

121.    Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

122.    720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

123.    720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the

court shall enter a judgment of triple the amount so determined.

124.    The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

125.    Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XV
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Philip Ivey, Jr.)

126.    Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

127.    720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

128.    720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not

in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

129.   The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

130.   Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XVI
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Johnson Juanda)

131.   Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

132.   720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

133.   720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

134.  The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

135.  Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5128-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XVII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Jennifer HarmanTraniello)

136.  Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

137.  720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for

"winner" of any moneys lost by such other person in or through any such transact-tions.

138.   720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

139.   The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

140.   Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XIII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Ranston, Ltd.)

141.   Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

142.   720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for

and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

143.   720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

144.   The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

145.   Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XIV
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Erick Lindgren)

146.   Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

147.   720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

148.   720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

149.   The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

150.   Plaintiff's recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XX
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Erik Seidel)

151.   Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into

this Count.

152. 720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

153. 720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

154. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

155. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XXI
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Andrew Bloch)

156.   Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

157.   720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

158.   720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

159.   The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

160.   Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

### COUNT XXII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Mike Matusow)

161.   Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

162.   720 ILCS 5/28-8(a) states:
Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

163.   720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

164.   The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

165.   Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of

720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to

720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated

respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set

forth before and for any other relief the Court deems proper.

## COUNT XXIII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Gus Hansen)

166.   Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into

this Count.

167.   720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any
> sum of money or thing of value, amounting to the sum of $50 or
> more shall pay or deliver the same or any part thereof, may sue for
> and recover the money or other thing of value, so lost and paid or
> delivered, in a civil action against the winner thereof, with costs, in
> the circuit court. No person who accepts from another person for
> "winner" of any moneys lost by such other person in or through
> any such transact-tions.

168.   720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection
> 28-8(a) is entitled to initiate action to re-cover his losses does not
> in fact pursue his remedy, any person may initiate a civil action
> against the winner. The court of the jury, as the case may be, shall
> determine the amount of the loss. After such determination, the
> court shall enter a judgment of triple the amount so determined.

169.   The defendant named in this Count individually, and in association with others

violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the

amount of Illinois residents' losses.

170.   Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

### COUNT XXIV
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Allen Cunningham)

171.   Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

172.   720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

173.   720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

174.  The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

175.  Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XXV
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Patrik Antonius)

176.  Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

177.  720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

178.  720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action

against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

179.    The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

180.    Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XXVI
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Rational FT Enterprises Limited)

181.    Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

182.    720 ILCS 5/28-8(a) states:
Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for "winner" of any moneys lost by such other person in or through any such transact-tions.

183.    720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection

> 28-8(a) is entitled to initiate action to re-cover his losses does not
> in fact pursue his remedy, any person may initiate a civil action
> against the winner. The court of the jury, as the case may be, shall
> determine the amount of the loss. After such determination, the
> court shall enter a judgment of triple the amount so determined.

184.   The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

185.   Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

Respectfully submitted,

_____
Lloyd M. Cueto, IL #6292629
Law Office of Lloyd M. Cueto
7110 West Main Street
Belleville, IL 62223
Phone: (618) 277 – 1554
Fax: (618) 277- 0962

_____
Michael Gras, IL #6303414
Law Office of Christopher Cueto, LTD
7110 West Main Street
Belleville, IL 62223
Phone: (618) 277 – 1554
Fax: (618) 277 – 0962