### IN THE CIRCUIT COURT OF THE
### TWENTIETH JUDICIAL CIRCUIT ST. CLAIR
### COUNTY, ILLINOIS

JUDY FAHRNER, individually, and on behalf of all
others similarly situated

               Plaintiffs,

      v.

RAYMOND BITAR; NELSON BURTNICK;
FULL TILT POKER, LTD; TILTWARE, LLC;
VANTAGE, LTD; FILCO, LTD.; KOLYMA CORP.
A.V.V.; POCKET KINGS LTD.;
POCKET KINGS CONSULTING LTD.;
RANSTON LTD.; MAIL MEDIA LTD.;
HOWARD LEDERER; PHILLIP IVEY JR.;
CHRISTOPHER FERGUSON; JOHNSON
JUANDA; JENNIFER HARMON-TRANIELLO;
PHILLIP GORDON; ERICK LINDGREN; ERIK
SEIDEL; ANDREW BLOCH; MIKE MATUSOW;
GUS HANSEN; ALLEN CUNNINGHAM; PATRIK
ANTONIUS and RAFAEL FURST,

               Defendants.

Case No.: _12L 354_

CLASS ACTION COMPLAINT

JURY TRIAL DEMAND

FILED
ST. CLAIR COUNTY
JUL 11 2012
CIRCUIT CLERK

#### <u>AFFIDAVIT</u>

    This affidavit is made pursuant to Supreme Court Rule 222(b).  Under penalties of

perjury as provided by §1-109 of the Code of Civil Procedure, the undersigned certifies that the

money damages sought by the plaintiffs herein does exceed $50,000.00.

Respectfully submitted,

Dated:  July 11, 2012



EXHIBIT
4

Lloyd M. Cueto, IL #06292629
Law Office of Lloyd M. Cueto
7110 West Main Street
Belleville, IL 62223
Phone:  (618) 277-1554
Fax:  (618) 277-0962

### IN THE CIRCUIT COURT OF THE
### TWENTIETH JUDICIAL CIRCUIT ST. CLAIR
### COUNTY, ILLINOIS

| | |
|---|---|
| JUDY FAHRNER, individually, and on behalf of all others similarly situated )<br><br><br><br>Plaintiffs, )<br><br>v. )<br><br>RAYMOND BITAR; NELSON BURTNICK; FULL TILT POKER, LTD; TILTWARE, LLC; VANTAGE, LTD; FILCO, LTD.; KOLYMA CORP. A.V.V.; POCKET KINGS LTD.; POCKET KINGS CONSULTING LTD.; RANSTON LTD.; MAIL MEDIA LTD.; HOWARD LEDERER; PHILLIP IVEY JR.; CHRISTOPHER FERGUSON; JOHNSON JUANDA; JENNIFER HARMON-TRANIELLO; PHILLIP GORDON; ERICK LINDGREN; ERIK SEIDEL; ANDREW BLOCH; MIKE MATUSOW; GUS HANSEN; ALLEN CUNNINGHAM; PATRIK ANTONIUS and RAFAEL FURST, )<br><br>Defendants. ) | Case No.: *12 L 354*<br><br><br><br><br>CLASS ACTION COMPLAINT<br><br><br><br>JURY TRIAL DEMAND |

**FILED** ST. CLAIR COUNTY JUL 11 2012

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff, JUDY FAHRNER, individually, and on behalf of all others similarly situated, by and through her attorney, Lloyd M. Cueto, and brings this action as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, and alleges as follows:

## NATURE OF ACTION

1. JUDY FAHRNER, individually, and on behalf of others similarly situated (the "Class"), brings this action against RAYMOND BITAR; NELSON BURTNICK; FULL TILT

POKER, LTD; TILTWARE, LLC; VANTAGE, LTD; FILCO, LTD.; KOLYMA CORP.

A.V.V.; POCKET KINGS LTD.; POCKET KINGS CONSULTING LTD.; RANSTON LTD.;

MAIL MEDIA LTD.; HOWARD LEDERER; PHILLIP IVEY JR.; CHRISTOPHER

FERGUSON; JOHNSON JUANDA; JENNIFER HARMON-TRANIELLO; PHILLIP

GORDON; ERICK LINDGREN; ERIK SEIDEL; ANDREW BLOCH; MIKE MATUSOW;

GUS HANSEN; ALLEN CUNNINGHAM AND PATRIK ANTONIUS ("Defendants"), for

claims relating to the marketing, promotion, advertising, transacting, maintaining, engaging and

perpetuating of an illegal gambling enterprise, collectively known as "Full Tilt Poker". Through

their illegal acts, Defendants knowingly and intentionally accepted gambling losses in violation

720 ILCS 5/28-8.

## PARTIES

2. Plaintiff, JUDY FAHRNER, is and at all times relevant to this action was, a resident

of St. Clair County, Illinois. JUDY FAHRNER is a party of interest in this controversy pursuant

to 720 ILCS 5/28-8 (b) not only because she is "any person" within the definition of Section 28-

8(b) but because she is and was at all times relevant directly related to and impacted by someone

who lost money gambling on Full Tilt Poker.

3. This is a Class Action for money damages. Pursuant to 720 ILCS 5/28-8, Plaintiff,

acting individually and on behalf of all others similarly situated, is the proper party to initiate this

civil action.

4. Plaintiff seeks class certification pursuant to 735 ILCS 5/2-801, *et seq*.

    A.    Plaintiffs are Illinois residents and persons qualified under 720 ILCS 5/28-8 to prosecute a civil suit against Full Tilt Poker concerning its illegal internet gambling operation and the recovery of losses related to said operation.

2

B.    Named Plaintiff, Judy Fahrner, represents a state-wide class of Illinois residents closely related to gambling losers entitled to recover in a civil action as defined by 720 ILCS 5/28-8.

C.    Plaintiffs bring suit to demand return of gambling losses, and for other such recovery as required by 720 ILCS 5/28-8.

5. Defendant Companies, along with the Individual Defendants (all owners, directors, and officers or principals of the Defendant Companies) and outsiders, associated with each other in the form of an Enterprise ("Enterprise") to accomplish a common purpose: engage and perpetrate illegal gambling activities to channel Illinois residents' funds into Full Tilt Poker.

6. **Defendant Raymond Bitar** ("Bitar") is an individual residing in the State of California. Bitar is– and at all or some relevant time(s) was –a shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Bitar is and/or was CEO of Tiltware LLC since its founding in 2003 and Bitar is one of only two managing members of Tiltware LLC. At all times relevant to this Complaint, Bitar was a founder, owner, and principal decision-maker for Full Tilt Poker, an internet poker company founded in or about 2004 with headquarters in Ireland. At various times relevant to this Complaint, Full Tilt Poker did business through several privately held corporations and other entities, including but not limited to Tiltware, LLC, Kolyma Corporation A.V.V., Pocket Kings Ltd., Pocket Kings Consulting Ltd., Filco Ltd., Vantage Ltd., Ranson Ltd., Mail Media Ltd., and Full Tilt Poker Ltd. (collectively, "Full Tilt Poker"). As of March 2011, Full Tilt Poker was the second-largest poker operator offering gambling on poker games to Untied States residents. Bitar most likely played poker against Illinois residents online through Full Tilt Poker.

7. **Defendant Howard Lederer** ("Lederer") is an individual residing in the State of Nevada and a member of the Enterprise. Lederer is – and at all relevant times was – a shareholder and director of, and/or a participant in, Full Tilt and/or one or more Full Tilt

Companies. Lederer is a founder of the Full Tilt Poker side and brand and, a professional poker player himself, is a member of Team Full Tilt. As a member of the Team, Lederer represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. At all times relevant, Lederer was the president of Full Tilt Poker and a managing member of Tiltware LLC with Bitar. Lederer most likely played poker against Illinois residents online through Full Tilt Poker.

8. **Defendant Christopher Ferguson** ("Ferguson") is an individual residing in the State of California and a member of the Enterprise. Ferguson is and has been, at all or some relevant time(s), a shareholder and director of, and/or a participant in, Full Tilt and/or one of more Full Tilt Companies. Ferguson is a founder of the Full Tilt site and brand and, a professional poker player himself, is a member of Team Full Tilt. As a member of the Team, Ferguson represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. At all times relevant, Ferguson was Chairman of the Board of Directors of Tiltware LLC. Ferguson most likely played poker against Illinois residents online through Full Tilt Poker.

9. **Defendant Rafael Furst** ("Furst") is an individual residing in the State of California and a member of the Enterprise. Furst is and has been, at all or some relevant time(s), a shareholder and director of, and/or a participant in, Full Tilt and/or one of more Full Tilt Companies. Furst is a founder of the Full Tilt site and brand and, a professional poker player himself, is a member of Team Full Tilt. As a member of the Team, Furst represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. At all times relevant, Furst was on the Board of

Directors of Tiltware LLC. Furst most likely played poker against Illinois residents online through Full Tilt Poker.

10. **Defendant Nelson Burtnick** ("Burtnick") is an individual residing in Ireland, and is and/or was, starting in 2009, an employee of Full Tilt Poker Ltd. and the head of the payment processing department for Full Tile (and/or its Member Companies). Burtnick has directed or otherwise participated in the conduct of the Full Tilt Company affairs, especially with respect to payment processing activity.

11. **Defendant Full Tilt Poker Ltd.** is the corporate person with which the members of the Full Tilt Team have contracted.

12. **Defendant Tiltware LLC** ("Tiltware") is a corporate person and the exclusive poker software developer and licensor for Full Tilt. Tiltware is also the Full Tilt market wing, and is headquartered and registered at all relevant time(s) in California. Tiltware has participated in and/or directed Full Tilt Poker and its illegal acts. Tiltware is the parent company of Pocket Kings Ltd., Pocket Kings Consulting Ltd., Filco Ltd., and other Full Tilt Companies. Individual Defendants owned the following approximate percentages of Tiltware: Bitar (7.8%), Lederer (8.6%), Ferguson (19.2%) and Furst (2.6%). At all times relevant, said individual Defendants comprised the Board of Directors of Tiltware.

13. **Defendant Vantage, Ltd.** ("Vantage"), is a corporate person registered in Alderney, in the Channel Islands, with which users of the Full Tilt website, including specifically, "persons situated in North America," enter into an "End User License Agreement." That Agreement states: "Adult users of all skill levels who are situated in North America can download the propriety gaming software needed to participate in poker tournaments and to play online interactive games of poker for real money at www.FullTiltPoker.com." Vantage has participated

in and/or directed Full Tilt Poker and its illegal acts. Vantage is licensed, on behalf of Full Tilt, to register new customers, accept deposits from new and existing customers, permit withdrawal of funds by existing customers and permit participation by customers in gambling transactions and game play.

14. **Defendant Filco Ltd.** ("Filco"), is a corporate person that holds or held, at all or some relevant time(s), the "eGambling" license issued by the Alderney Gambling Control Commission. Filco has participated in and/or directed Full Tilt Poker and its illegal acts. Filco is explicitly named in Pocket Kings Ltd. documents as a related company to Pocket Kings Ltd., among others, and Filco's corporate parent is Tiltware. As a licensee of the Alderney Gambling Control Commission, Filco is licensed, on behalf of Full Tilt Poker, to register new customers, accept deposits from new and existing customers, permit withdrawal of funds by existing customers and permit participation by customers in gambling transactions and game play.

15. **Defendant Kolyma Corporation A.V.V.** ("Koylma") is a corporate person and an Aruban financial services limited liability company. Kolyma has participated in and/or directed Full Tilt Poker and its illegal acts. Kolyma is the legal owner of the Full Tilt website.

16. **Defendant Pocket Kings Ltd.** ("Pocket Kings"), is a corporate person, headquartered in Ireland, and is responsible for "operating" the Full Tilt website. Pocket Kings has at all or some relevant time(s) provided "[t]echnology and [m]arketing consulting services to the online poker industry and one of the fastest growing poker sites, Full Tilt Poker." Pocket Kings is a member of the Enterprise and has participated in and/or directed Full tilt Poker and its illegal acts. Pocket Kings' parent company is Tiltware. Pocket Kings is a "related company" to, *inter alia*, Filco Ltd., Pocket Kings Consulting Ltd., and a BVI incorporated company called My West Nook Limited.

6

17. **Defendant Pocket Kings Consulting Ltd.** ("Pocket Kings Consulting"), is a corporate person headquartered in Ireland. Pocket Kings Consulting is a related company to Pocket Kings, Filco, and My West Nook Limited. Pocket Kings Consulting is the exclusive consultant to Full Tilt Poker.

18. **Defendant Ranston Ltd.** ("Ranston") is a corporate person in whose name Full Tilt Poker funds are held in Switzerland. Ranston is a member of the Enterprise and has participated in and/or directed the conduct of Full Tilt Poker in aid of its illegal acts.

19. **Defendant Mail Media Ltd.** ("Mail Media") is a corporate person in whose name Full Tilt Funds are held in Switerzland. Mail Media is a member of the Enterprise and has participated in and/or directed the conduct of Full Tilt Poker in aid of its illegal acts.

20. **Defendant Philip Ivey Jr.** ("Ivey") is an individual residing in the State of Nevada and a member of the Enterprise. Ivey is – and at all relevant times was – a shareholder and director of, and/or a participant in, Full Tilt and/or one or more Full Tilt Companies. Ivey is a founder of the Full Tilt Poker side and brand and, a professional poker player himself, is a member of Team Full Tilt. As a member of the Team, Ivy represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Ivey is said to hold at least a 5% stake in the Full Tilt venture. Ivey most likely played poker against Illinois residents online through Full Tilt Poker.

21. **Defendant Johnson Juanda** ("Juanda") is an individual residing in the State of California, and is a member of the Enterprise. At all or some relevant time(s), Juanda has been a shareholder and director of, and/or a participant in, Full Tilt and/or one or more Full Tilt Companies. Juanda, a professional poker player himself, is a member of Team Full Tilt. As a member of the Team, Juanda represents the Full Tilt brand in poker-related events all over the

world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Juanda most likely played poker against Illinois residents online through Full Tilt Poker.

22. **Defendant Jennifer Harman-Traniello** ("Harman") is an individual residing in the State of Nevada and is a member of the Enterprise. At all or some relevant time(s), Harman has been a shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Harman, a professional poker player himself, is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Harman most likely played poker against Illinois residents online through Full Tilt Poker.

23. **Defendant Phillip Gordon** ("Gordon") is an individual residing in the State of Washington, and is a member of the Enterprise. At all or some relevant time(s), Gordon has been a shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Gordon, a professional poker player himself, is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Gordon most likely played poker against Illinois residents online through Full Tilt Poker.

24. **Defendant Erick Lindgren** ("Lindgren") is an individual residing in the State of Nevada, and is a member of the Full Tilt Enterprise. At all or some relevant time(s), Lindgren has been a shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Lindgren, a professional poker player himself, is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Lindgren most likely played poker against Illinois residents online through Full Tilt Poker.

25. **Defendant Erik Seidel** ("Seidel") is an individual residing in the State of Nevada, and is a member of the Enterprise. At all or some relevant time(s), Seidel has been a shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Seidel, a professional poker player himself, is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Seidel most likely played poker against Illinois residents online through Full Tilt Poker.

26. **Defendant Andrew Bloch** ("Bloch") is an individual residing in the State of Nevada, and is a member of the Enterprise. At all or some relevant time(s), Bloch has been a shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Bloch, a professional poker player himself, is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Bloch most likely played poker against Illinois residents online through Full Tilt Poker.

27. **Defendant Mike Matusow** ("Matusow") is an individual residing in the State of Nevada, and is a member of the Enterprise. At all or some relevant time(s), Matusow has been a shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Matusow, a professional poker player himself, is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Matusow most likely played poker against Illinois residents online through Full Tilt Poker.

28. **Defendant Gus Hansen** ("Hansen") is an individual residing in the Kingdom of Denmark, and is a member of the Enterprise. At all or some relevant time(s), Hansen has been a

shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Hansen, a professional poker player himself, is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Hansen most likely played poker against Illinois residents online through Full Tilt Poker.

29. **Defendant Allen Cunningham** ("Cunningham") is an individual residing in the State of California, and is a member of the Enterprise. At all or some relevant time(s), Cunningham has been a shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Cunningham, a professional poker player himself, is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Cunningham most likely played poker against Illinois residents online through Full Tilt Poker.

30. **Defendant Patrik Antonius** ("Antonius") is an individual residing in the Republic of Finland, and is a member of the Enterprise. At all or some relevant time(s), Antonius has been a shareholder and director of Full Tilt and/or one or more Full Tilt Companies. Antonius, a professional poker player himself, is a member of Team Full Tilt and represents the Full Tilt brand in poker-related events all over the world, wearing clothing and accessories that bear the easily recognizable Full Tilt Poker patch. Antonius most likely played poker against Illinois residents online through Full Tilt Poker.

## CLASS ACTION ALLEGATIONS

31. Plaintiffs bring this action as a class pursuant to 735 ILCS 5/2-801.

a. *Numerosity.* The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at

this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that there are hundreds of thousands – possibly millions – of Illinois poker players who lost money to Full Tilt on or before April 15th, 2011 and whose close relatives are entitled to tripled recovery of said losses in accordance with 720 ILCS 5/28-8.

       b. *Commonality.* Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

A.    Whether an illegal gambling enterprise existed in violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8.;

B.    Whether Defendants were each employed by or associated with the enterprise;

C.    Whether Defendants participated in the conduct or affairs of the enterprise;

D.    Whether injuries to Plaintiff were sustained by reason of the Defendants' activities in violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8.

       c. *Typicality.* Plaintiff's claims are typical of the claims of the members of the Class because close relatives of Illinois residents who lost money gambling through Full Tilt Poker are entitled to tripled recovery pursuant to Section 28-8(b).

       d. *Adequacy.* Plaintiffs will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class actions and complex civil litigation. Plaintiffs have no interests antagonistic to or in conflict with those of the Class.

       32. Class action status in this action is warranted because prosecution of separate actions by members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical manner, be dispositive of the interests of the other

members not parties to the actions, or substantially impair or impede their ability to protect their interests.

33. Class action status is also warranted because prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for defendants, and questions of law or fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to the other available methods for the fair and efficient adjudication of this controversy.

## JURISDICTION AND VENUE

34. Subject Matter Jurisdiction. This Court has jurisdiction over this action pursuant to 720 ILCS 5/28-8 and 720 ILCS 5/28-1.

35. Personal Jurisdiction. This Court has personal jurisdiction over the Defendants because all Defendants, through their conduct and participation with the Enterprise, have done significant and continuous business in the State of Illinois.

36. Named Plaintiff, and those plaintiffs defined in the class are residents of the State of Illinois. These plaintiffs sustained their injuries in the State of Illinois.

37. Venue. Venue is proper in this Circuit because there is no other circuit in which every defendant can be found, and because there is no single identifiable district in which a substantial part of the relevant events can be said to have 'occurred' or where a substantial part of the property that gave rise to the action is physically located.

## FACTUAL BACKGROUND

38. Full Tilt is an umbrella undertaking and brand name under which a number of privately held companies and other ventures, the "Full Tilt Companies," do business in the State of Illinois, the United States and internationally.

12

39. Full Tilt's primary face to Illinois residents has been the Full Tilt Poker internet gambling venture, which includes the online card rooms accessed through the Full Tilt software, which is downloaded from Full Tilt's "real-money" gambling website, "fulltiltpoker.com." The Full Tilt Poker internet gambling venture is a product that was launched, directed, and managed, in part, by members of the Enterprise working in concert.

40. Full Tilt also maintained an aggressive marketing team that promoted Full Tilt in the State of Illinois and elsewhere. Full Tilt sponsored certain high-stakes gambling events around the world; sponsored the Full Tilt Team; partnered with ESPN to televise certain high-stakes gambling events; produced advertisements for Full Tilt's "play-money" site (www.fulltiltpoker.net) that aired on cable television (including the Game Show Network) and were posted on the internet. Full Tilt Team members played high stakes poker games as representatives of Full Tilt, wearing the Full Tilt insignia. These advertisements were specifically directed to poker players. When Full Tilt's marketing efforts were successful, they induced gamblers to navigate to Full Tilt's website and open an account there. Full Tilt deliberately established contacts with gamblers in Illinois and derived revenue from gamblers in Illinois because it intended to keep or grow its stake in the Illinois internet poker market.

41. Full Tilt's direct commercial contacts with Illinois residents include:

- accepting gambling losses from Illinois residents;

- soliciting players through internet advertisements and links;

- buying advertisements on television programs that are readily accessible to residents of Illinois;

- sponsoring high-stakes games (and ESPN poker programming) televised to residents of Illinois;

13

- obtaining contact and personal information, including bank account information, from Illinois residents through the internet;

- entering into a contract with internet gamblers from Illinois regarding the Full Tilt software that real money and play-money players downloaded;

- maintaining player accounts for all Illinois resident players and providing access to those accounts through the internet;

- sponsoring poker celebrities, including the Individual Defendants, to play (in person) for the Full Tilt brand and wear Full Tilt patches in televised games shown in Illinois.

42. There were a number of companies and individuals working within the Full Tilt outfit – all agents, representatives, directors, owners, officers and/or principals of the Full Tilt outfit – that were joined together for the purpose of obtaining and processing players' funds. The entities in the Enterprise shared the common purposes of maintaining Full Tilt's position in the market by enabling and participating in transactions with Illinois residents.

43. Full Tilt Companies that formed the Enterprise include, but are not limited to, the following groups:

A. The Full Tilt Team of professional poker players who own and, in part, direct, the Full Tilt Enterprise;

B. Tiltware, the exclusive poker software developer and licensor for the Enterprise, and the Enterprise's marketing wing, headquartered and registered, at all or some relevant time(s) in California;

C. Vantage, the corporate entity registered in Alderney, in the Channel Islands, with which users of the Full Tilt Poker website, including specifically, "persons situated in North

14

America," enter into an "End User License Agreement." That Agreement states: "Adult users of all skill levels who are situated in North America can download the proprietary gaming software needed to participate in poker tournaments and to play online interactive games of poker for real money at www.FullTiltPoker.com." Funds are also held, in a Swiss bank in Vantage's name;

      D. Filco, the corporate entity that holds or held, at all or some relevant time(s) the "eGambling" license issued by the Alderney Gambling Control Commission;

      E. Kolyma, the Aruban financial services limited liability company that is eligible for exemptions form profit and dividend withholding tax, subject to limitations;

      F. Pocket Kings, the Irish company which "operates" the Full Tilt Poker site. Pocket Kings has, at all or some relevant time(s) provided "[t]echnology and [m]arketing consulting services to the online poker industry and one of the fastest growing poker sites, Full Tilt Poker";

      G. Pocket Kings Consulting;

      H. Ranston, the entity in whose name certain Full Tilt funds are held in Switzerland;

      I. Mail Media, the entity in whose name certain Full Tilt funds are held in Switzerland;

      J. Full Tilt Poker Ltd., an apparent alternate name or entity associated with the Enterprise.

    44. Each of the above-named entities is or was a member of the Full Tilt Enterprise at a time or times relevant to this Complaint.

15

45. Profits from the Full Tilt Poker website, player deposits, gambling losses, licensing fees, agreements, merchandise sales, and other Full Tilt Poker ventures, were distributed amongst the Defendants.

46. Illinois residents, during all relevant times, have been targeted by the Full Tilt marketing campaigns, have navigated to the Full Tilt website, have opened accounts deposited their own funds into those accounts, played "real money" poker using the Full Tilt Poker product and lost money to Defendants.

47. On April 15, 2011, the card rooms were shut down by the Department of Justice. Individuals associated with the Enterprise were charged by the U.S. Attorney for the Southern District of New York in a criminal indictment which alleged wire fraud, bank fraud, money laundering and operating in violation of State and Federal Laws. Defendants Bitar, Lederer, Ferguson and Furst are among the named criminal defendants in that action. Full Tilt and associated entities are named as defendants in a companion civil action, also filed by the US Attorney for the Southern District of New York. In connection with these pending actions, the Department of Justice has seized and sought the forfeiture of Full Tilt assets, including its domain name, several of its bank accounts, and profits. The department of justice has not sought forfeiture of U.S. player funds.

48. On or about April 15, 2011, the U.S. Attorney for the Southern District of New York seized the assets of the internet poker companies operating illegally in the United States, one of which was "Full Tilt Poker". Arrest warrants were issued for certain founders of these companies for, among other offenses, money laundering, conspiracy to commit wire fraud, and conspiracy to commit bank fraud. The Department of Justice also filed a civil suit for in rem

forfeiture of all assets and proceeds derived from the illegal acts in which these companies allegedly engaged.

49. On April 15th, and at all relevant times prior, hundreds of thousands – if not millions – of Illinois residents held personal funds in individual, "secure" accounts with Full Tilt Poker. Until April 15th, customers regularly engaged in internet poker games for real-money, on the Full Tilt website, using Full Tilt software, and drawing on their Full Tilt accounts.

50. At all or some relevant time(s) between November 2006 and April of 2011, Defendants joined together to form an illegal gambling enterprise ("Enterprise") – an association-in-fact which operated under the name of, acted through, and/or held itself out as "Full Tilt." The Enterprise achieved that end through illegal means, in particular through violations of 720 ILCS 5/28-1 (et.at.) and 720 ILCS 5/28-8.

51. Illinois residents who played for real-money on the Full Tilt website were required to maintain a Player Account with Full Tilt. Illinois residents deposited their funds into their personal "secure" Player Accounts through a number of methods, including credit and debit card transactions and wire transfers. The deposited funds were fraudulently comingled with Full Tilt's operational funds and dispersed to individual Defendants. Upon information and belief, Full Tilt's Board of Directors distributed approximately $443,860,529.89 to themselves and other owners between April, 2007 and April, 2011. Upon establishing their Player Accounts and depositing a minimum sum into their Player Accounts, Illinois residents were free to play for "real-money" in Full Tilt Poker card rooms with players from all over the world and even with professional poker legends sponsored by Team Full Tilt.

52. Team Full Tilt is composed of elite professional players, sponsored by Full Tilt, who play for and promote the brand in high-stakes events like the internationally televised World

Series of Poker. Team members also directly interact with poker players through the Full Tilt website, wear company gear with the Full Tilt insignia during all professional events, and make public statements to publicize their affiliation with Full Tilt. Perhaps most importantly, all members of the Team own an equity interest in – and are directors of – the Full Tilt and/or the entities that operate under the Full Tilt name.

53. At all relevant times herein, Defendants actions, individually and collectively, violated 720 ILCS 5/28-1, in particular Subsections(a)(1) and (a)(12) which respectively state that a person commits the unlawful act of gambling when he:

> Plays a game of chance or skill for money or other thing of value, unless excepted in subsection (b) of this Section; or

> Knowingly establishes, maintains, or operates an Internet site that permits a person to play a game of chance or skill for money or other thing of value by means of the Internet or to make aw ager upon the result of any game, contest, political nomination, appointment, or election by means of the Internet. This item (12) does not apply to activities referenced in items (6) and (6.1) of subsection (b) of this Section.

## COUNT I
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Raymond Bitar)

54. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

55. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a

"winner" of any moneys lost by such other person in or through any such transact-tions.

56. 720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

57. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

58. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT II
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Howard Lederer)

59. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

60. 720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in

19

the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

61. 720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

62. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

63. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT III
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Christopher Ferguson)

64. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

65. 720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

66. 720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

67. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

68. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT IV
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Rafael Furst)

21

69. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

70. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

71. 720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

72. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

73. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT V
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Nelson Burtnick)

74. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

75. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

76. 720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

77. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

78. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's

23

perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as

statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated

respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set

forth before and for any other relief the Court deems proper.

## COUNT VI
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Full Tilt Poker, Ltd.)

79. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this

Count.

80. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any
> sum of money or thing of value, amounting to the sum of $50 or
> more shall pay or deliver the same or any part thereof, may sue for
> and recover the money or other thing of value, so lost and paid or
> delivered, in a civil action against the winner thereof, with costs, in
> the circuit court. No person who accepts from another person for
> transmission, and transmits, either in his own name or in the name
> of such other person, any order for any transaction to be made
> upon, or who executes any order given to him by another person,
> or who executes, shall under any circumstances, be deemed a
> "winner" of any moneys lost by such other person in or through
> any such transact-tions.

81. 720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection
> 28-8(a) is entitled to initiate action to re-cover his losses does not
> in fact pursue his remedy, any person may initiate a civil action
> against the winner. The court of the jury, as the case may be, shall
> determine the amount of the loss. After such determination, the
> court shall enter a judgment of triple the amount so determined.

82. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

83. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

### COUNT VII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Tiltware LLC)

84. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

85. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

86. 720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not

in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

87. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

88. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT VIII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Vantage, Ltd.)

89. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

90. 720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transac-tions.

26

91.  720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

92.  The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

93.  Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

### COUNT IX
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Filco, Ltd.)

94.  Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

95.  720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name

27

of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

96. 720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

97. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

98. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT X
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Kolyma Corporation A.V.V.)

99. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

100. 720 ILCS 5/28-8(a) states:

28

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court.  No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

101.  720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner.  The court of the jury, as the case may be, shall determine the amount of the loss.  After such determination, the court shall enter a judgment of triple the amount so determined.

102.  The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

103.  Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XI
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Pocket Kings, Ltd.)

29

104. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

105. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

106. 720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

107. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

108. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

### COUNT XII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Pocket Kings Consulting, Ltd.)

109.  Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

110.  720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

111.  720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

112.  The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

113. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XIII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Ranston, Ltd.

114. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

115. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

116. 720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

117. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

118. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XIV
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Mail Media, Ltd.)

119. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

120. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

121. 720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not

33

> in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

122. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

123. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XV
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Philip Ivey, Jr.)

124. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

125. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

126.  720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection
> 28-8(a) is entitled to initiate action to re-cover his losses does not
> in fact pursue his remedy, any person may initiate a civil action
> against the winner.  The court of the jury, as the case may be, shall
> determine the amount of the loss.  After such determination, the
> court shall enter a judgment of triple the amount so determined.

127.  The defendant named in this Count individually, and in association with others

violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the

amount of Illinois residents' losses.

128.  Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois

residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's

perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as

statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated

respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set

forth before and for any other relief the Court deems proper.

## COUNT XVI
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Johnson Juanda)

134.  Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this

Count.

135.  720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any
> sum of money or thing of value, amounting to the sum of $50 or
> more shall pay or deliver the same or any part thereof, may sue for
> and recover the money or other thing of value, so lost and paid or
> delivered, in a civil action against the winner thereof, with costs, in
> the circuit court.  No person who accepts from another person for
> transmission, and transmits, either in his own name or in the name

of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

136. 720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

137. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

138. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XVII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Jennifer Harman-Traniello)

139. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

140. 720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

141.  720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

142. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

143. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XIII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Phillip Gordon)

37

144. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

145. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

146. 720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

147. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

148. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XIV
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Erick Lindgren)

149. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

150. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

151. 720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

152. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

153. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's

perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

### COUNT XX
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Erik Seidel)

154. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

155. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

156. 720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

157. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

158. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XXI
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Andrew Bloch)

164. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

165. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

166. 720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

41

167. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

168. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XXII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Mike Matusow)

169. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

170. 720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

171. 720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not

in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

172. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

173. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XXIII
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Gus Hansen)

174. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

175. 720 ILCS 5/28-8(a) states:

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

43

176. 720 ILCS 5/28-8(b) further states that:

> If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

177. The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

178. Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XXIV
### (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Allen Cunningham)

179. Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

180. 720 ILCS 5/28-8(a) states:

> Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court. No person who accepts from another person for

transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

181.  720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court of the jury, as the case may be, shall determine the amount of the loss.  After such determination, the court shall enter a judgment of triple the amount so determined.

182.  The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

183.  Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

## COUNT XXV
## (Violation of 720 ILCS 5/28-1 and 720 ILCS 5/28-8 by Defendant Patrik Antonius)

184.  Plaintiff re-alleges and incorporated all prior paragraphs of this Complaint into this Count.

185.  720 ILCS 5/28-8(a) states:

45

Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $50 or more shall pay or deliver the same or any part thereof, may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof, with costs, in the circuit court.  No person who accepts from another person for transmission, and transmits, either in his own name or in the name of such other person, any order for any transaction to be made upon, or who executes any order given to him by another person, or who executes, shall under any circumstances, be deemed a "winner" of any moneys lost by such other person in or through any such transact-tions.

186.  720 ILCS 5/28-8(b) further states that:

If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to re-cover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner.  The court of the jury, as the case may be, shall determine the amount of the loss.  After such determination, the court shall enter a judgment of triple the amount so determined.

187.  The defendant named in this Count individually, and in association with others violated 720 ILCS 5/28-1 and in accordance with 720 ILCS 5/28-8 is liable for tripled the amount of Illinois residents' losses.

188.  Plaintiffs' recovery includes but is not limited to the gambling losses of Illinois residents from [4.5 years ago] to [6 months prior to date of filing] resulting from Defendant's perpetuation of an illegal gambling enterprise in violation of 720 ILCS 5/28-1 as well as statutorily prescribed recovery of three times said losses pursuant to 720 ILCS 5/28-8(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated respectfully requests this Court enter judgment in favor of Plaintiff and award damages as set forth before and for any other relief the Court deems proper.

Respectfully submitted,

Dated:  April 23, 2012

Lloyd M. Cueto, IL #06292629
Law Office of Lloyd M. Cueto
7110 West Main Street
Belleville, IL 62223
Phone:  (618) 277-1554
Fax:  (618) 277-0962

**ST CLAIR COUNTY**
**TWENTIETH CIRCUIT COURT, KAHALAH A. DIXON**

RECEIPT #: C   000308472         DATE: 07-11-2012          TIME: 16:15:18
RECEIVED OF: CUETO LLOYD A                                MEMO:
   PART. ID: 1536
BY CLERK: MG
   CHECKS: A   1628                    $246.00

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $0.00 | $0.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|-------------|-------|-------------|---------|--------|
| 12-L-0354 | 2023 | PMT:CFIL COMPLAINT FILING FEE | | $246.00 |
| FAHRNER VS BITAR | | | | |
| PARTY: CUETO LLOYD A | | | | |
| | | TOTAL RECEIPT... | | $246.00 |

•   CHECK/CHEQUE IS CONDITIONAL PAYMENT
• PENDING RECEIPT OF FUNDS FROM BANK. •

# MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

Case Number _12 C 35 4_

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

Amount Claimed  $50,000+

1. JUDY FAHRNER, individually, and on behalf

of all others similarly situated

RAYMOND BITAR, et al.

VS

Plaintiff(s)                          Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix L _____ Code 01 _____   Nature of Action Law _____ Code 02 _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

2. Pltf. Atty. Lloyd M. Cueto _____ Code _____
Address 7110 West Main Street
City Belleville _____ Phone 277-1554
Add. Pltf. Atty. _____ Code _____
Is Personal Injury Involved
   ☑ Yes          ☐ No
Does Pltf. Demand A Jury Trial
   ☑ Yes          ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

3. NAME Jonathan Andrew Harris

Harris, Cutler & Houghteling LLP, (NY) Trinity Building

ADDRESS 111 Broadway

Suite 402

CITY & STATE New York, NY 10006

4. ☐ CHECK FOR SMALL CLAIMS SUMMONS

**Complete This Section For Small Claims**

Please Set This Case For _____ at _____ M. On _____ 20_
                          Court Location

5.
A. Is an insurance carrier involved?  ☐ Yes  ☑ No

B. If yes please give company name: _____

6.
A. Is there a minor involved?  ☐ Yes  ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary  ☐ Yes  ☐ No

FILED
ST. CLAIR COUNTY

JUL 1 1 2012

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

# MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

Case Number 12-L-354

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

Amount Claimed $50,000+

1. JUDY FAHRNER, individually, and on behalf

of all others similarly situated

RAYMOND BITAR, et al.

VS

FILED
ST. CLAIR COUNTY
JUL 1 1 2012
Kahleh a. Dren
CIRCUIT CLERK

Plaintiff(s) 21

Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix L          Code 01          Nature of Action Law          Code 02

2. Pltf. Atty. Lloyd M. Cueto          Code ____
   Address 7110 West Main Street
   City Belleville          Phone 277-1554
   Add. Pltf. Atty. ____          Code ____
   Is Personal Injury Involved
   ☑ Yes          ☐ No
   Does Pltf. Demand A Jury Trial
   ☑ Yes          ☐ No
   (THIS DOES NOT CONSTITUTE A JURY DEMAND)

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
3. NAME Cody Shawn

   Harris Keker & Van Nest LLP

   ADDRESS 633 Battery Street

   CITY & STATE San Francisco, NY 94111

4. ☐ CHECK FOR SMALL CLAIMS SUMMONS          Complete This Section For Small Claims
   Please Set This Case For ____ at ____ M. On ____ 20____
                              Court Location

5.
   A. Is an insurance carrier involved?          ☐ Yes          ☑ No

   B. If yes please give company name: _____

6.
   A. Is there a minor involved?          ☐ Yes          ☑ No

   B. If yes, will the appointment of a guardian Ad Litem be necessary          ☐ Yes          ☐ No

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

**MASTER RECORD SHEET**
**CIRCUIT COURT OF ST. CLAIR COUNTY**

*12-L-354*

| Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6 Complete 4 if Small Claims Case. Sections 3, 5 & 6 For Office use Only. | Case Number | |
|---|---|---|
| | Amount Claimed | $50,000+ |

**1.**   JUDY FAHRNER, individually, and on behalf

of all others similarly situated

RAYMOND BITAR, et al.

VS

FILED
ST. CLAIR COUNTY

JUL 1 1 2012

CIRCUIT CLERK

Plaintiff(s)          21          Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix L          Code 01          Nature of Action Law          Code 02

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

**2.** Pltf. Atty. Lloyd M. Cueto          Code
Address 7110 West Main Street
City Belleville          Phone 277-1554
Add. Pltf. Atty.          Code
Is Personal Injury Involved
☑ Yes          ☐ No
Does Pltf. Demand A Jury Trial
☑ Yes          ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

**3.** NAME David Angeli

Angeli Law Group LLC

ADDRESS 121 SW Morrison Street

Suite 400

CITY & STATE Portland, OR 97204

**4.** ☐ CHECK FOR SMALL CLAIMS SUMMONS          **Complete This Section For Small Claims**
Please Set This Case For _____ at _____ M. On _____ 20_
Court Location

**5.**
A. Is an insurance carrier involved?          ☐ Yes          ☑ No

B. If yes please give company name: _____

**6.**
A. Is there a minor involved?          ☐ Yes          ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary          ☐ Yes          ☐ No

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

## MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

Case Number __12 L 0354__

Amount Claimed __$50,000+__

**1.**

JUDY FAHRNER, individually, and on behalf

of all others similarly situated

RAYMOND BITAR, et al.

VS

Plaintiff(s)

Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix __L__          Code __01__          Nature of Action __Law__          Code __02__

**2.** Pltf. Atty. Lloyd M. Cueto _____ Code _____
Address 7110 West Main Street
City Belleville          Phone 277-1554
Add. Pltf. Atty. _____ Code _____
Is Personal Injury Involved
☑ Yes          ☐ No
Does Pltf. Demand A Jury Trial
☑ Yes          ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

**3.** TO THE SHERIFF: SERVE THIS DEFENDANT AT:

NAME A. Jeff Ifrah

David B. Deitch, IFRAH PLLC

ADDRESS 1717 Pennsylvania Avenue

Suite 650

CITY & STATE Washington, D.C. 20006-2004

**4.** ☐ CHECK FOR SMALL CLAIMS SUMMONS          Complete This Section For Small Claims

Please Set This Case For _____ at _____ M. On _____ 20___
Court Location

**5.**
A. Is an insurance carrier involved?          ☐ Yes          ☑ No

B. If yes please give company name: _____

**6.**
A. Is there a minor involved?          ☐ Yes          ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary          ☐ Yes          ☐ No

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

FILED
ST. CLAIR COUNTY
JUN 2012

CC-MR-1

**MASTER RECORD SHEET**
## CIRCUIT COURT OF ST. CLAIR COUNTY

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

Case Number 12 L 354

Amount Claimed $50,000+

1. JUDY FAHRNER, individually, and on behalf

   of all others similarly situated

   RAYMOND BITAR, et al.

   VS

   Plaintiff(s)                                   Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix L          Code 01     Nature of Action Law          Code 02

2. Pltf. Atty. Lloyd M. Cueto          Code
   Address 7110 West Main Street
   City Belleville          Phone 277-1554
   Add. Pltf. Atty.          Code
   Is Personal Injury Involved
   ☑ Yes          ☐ No
   Does Pltf. Demand A Jury Trial
   ☑ Yes          ☐ No
   (THIS DOES NOT CONSTITUTE A JURY DEMAND)

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

3. NAME Titlware LLC

   ADDRESS 10866 Wilshire Blvd
   Floor 4
   CITY & STATE Los Angeles, CA 90024-4338

4. ☐ CHECK FOR SMALL CLAIMS SUMMONS          Complete This Section For Small Claims
   Please Set This Case For _____ at _____ M. On _____ 20__
   Court Location

5.
   A. Is an insurance carrier involved?     ☐ Yes     ☑ No

   B. If yes please give company name: _____

6.
   A. Is there a minor involved?          ☐ Yes     ☑ No

   B. If yes, will the appointment of a guardian Ad Litem be necessary     ☐ Yes     ☐ No

FILED
ST. CLAIR COUNTY
JUL 11 2012
CIRCUIT CLERK

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

**MASTER RECORD SHEET**
**CIRCUIT COURT OF ST. CLAIR COUNTY**

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

Case Number _____ 12L354

Amount Claimed **$50,000+**

1. JUDY FAHRNER, individually, and on behalf

of all others similarly situated

RAYMOND BITAR, et al.

VS

Plaintiff(s)

FILED
ST. CLAIR COUNTY

JUL 1 1 2012

Defendant(s)

CIRCUIT CLERK

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix L _____  Code 01 _____  Nature of Action Law _____ Code 02 _____

2. Pltf. Atty. Lloyd M. Cueto _____ Code _____
Address 7110 West Main Street
City Belleville _____ Phone 277-1554
Add. Pltf. Atty. _____ Code _____
Is Personal Injury Involved
☑ Yes   ☐ No
Does Pltf. Demand A Jury Trial
☑ Yes   ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

3. NAME Elliot Remsen
Peters Keker & Van Nest, LLP
ADDRESS 710 Sansome Street
CITY & STATE San Francisco, CA 94111

4. ☐ CHECK FOR SMALL CLAIMS SUMMONS   **Complete This Section For Small Claims**
Please Set This Case For _____ at _____ M. On _____ 20___
Court Location

5.
A. Is an insurance carrier involved?   ☐ Yes   ☑ No

B. If yes please give company name: _____

6.
A. Is there a minor involved?   ☐ Yes   ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES



CC-MR-1

**MASTER RECORD SHEET**
**CIRCUIT COURT OF ST. CLAIR COUNTY**

*Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6*
*Complete 4 if Small Claims Case.*
*Sections 3, 5 & 6 For Office use Only.*

Case Number _____ 12L354

Amount Claimed  $50,000+ _____

**1.** JUDY FAHRNER, individually, and on behalf

of all others similarly situated

RAYMOND BITAR, et al.

VS

Plaintiff(s)                    Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix L _____ Code 01 _____ Nature of Action Law _____ Code 02 _____

**2.** Pltf. Atty. Lloyd M. Cueto _____ Code _____
Address 7110 West Main Street
City Belleville _____ Phone 277-1554
Add. Pltf. Atty. _____ Code _____
Is Personal Injury Involved
☑ Yes     ☐ No
Does Pltf. Demand A Jury Trial
☑ Yes     ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
**3.** NAME Paul Colinet
     Harris, Cutler & Houghteling LLP (NY) Trinity Building
ADDRESS 111 Broadway
     Suite 402
CITY & STATE New York, NY 10006

**4.** ☐ CHECK FOR SMALL CLAIMS SUMMONS
Complete This Section For Small Claims
Please Set This Case For _____
Court Location

FILED
ST. CLAIR COUNTY
at _____ M. On _____ 20__
JUL 1 1 2012
*Kahalah a. Dixon*
CIRCUIT CLERK
19

**5.**
A. Is an insurance carrier involved?   ☐ Yes   ☑ No

B. If yes please give company name:

**6.**
A. Is there a minor involved?   ☐ Yes   ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

## MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

*126354*

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

Case Number _____

Amount Claimed **$50,000+**

1. JUDY FAHRNER, individually, and on behalf

   of all others similarly situated

   Plaintiff(s)

vs.

RAYMOND BITAR, et al.

Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix **L** _____   Code **01** _____   Nature of Action **Law** _____   Code **02** _____

2. Pltf. Atty. **Lloyd M. Cueto** _____ Code _____
   Address **7110 West Main Street** _____
   City **Belleville** _____ Phone **277-1554**
   Add. Pltf. Atty. _____ Code _____
   Is Personal Injury Involved
     ☑ Yes      ☐ No
   Does Pltf. Demand A Jury Trial
     ☑ Yes      ☐ No
   (THIS DOES NOT CONSTITUTE A JURY DEMAND)

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**
3. NAME **Richard Ware Levitt**
   **Levitt & Kaizer**
   ADDRESS **40 Fulton Street**
   **Fl. 23**
   CITY & STATE **New York, NY 10038**

4. ☐ CHECK FOR
   SMALL CLAIMS SUMMONS     **Complete This Section For Small Claims**
   Please Set This Case For _____ at _____ M. On _____ 20___
   Court Location

5.
A. Is an insurance carrier involved?   ☐ Yes   ☑ No

B. If yes please give company name: _____

6.
A. Is there a minor involved?   ☐ Yes   ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No

FILED
ST. CLAIR COUNTY
JUL 11 2012

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

**MASTER RECORD SHEET**
**CIRCUIT COURT OF ST. CLAIR COUNTY**

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

Case Number _12 2 3 5 4_

Amount Claimed **$50,000+**

**1.** JUDY FAHRNER, individually, and on behalf

of all others similarly situated

RAYMOND BITAR, et al.

VS

Plaintiff(s)                                    Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix L_____   Code 01_____   Nature of Action Law_____   Code 02_____

**2.** Pltf. Atty. Lloyd M. Cueto_____   Code _____
Address 7110 West Main Street_____
City Belleville_____   Phone 277-1554
Add. Pltf. Atty. _____   Code _____
Is Personal Injury Involved
☑ Yes        ☐ No
Does Pltf. Demand A Jury Trial
☑ Yes        ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

**3.** NAME Julie Vianne
Withers Harris, Cutler & Houghteling LLP (NY) Trinity Building
ADDRESS 111 Broadway
Suite 402
CITY & STATE New York, NY 10006

**4.** ☐ CHECK FOR SMALL CLAIMS SUMMONS        **Complete This Section For Small Claims**
Please Set This Case For _____   at _____ M. On _____ 20___
Court Location

**5.**
A. Is an insurance carrier involved?   ☐ Yes   ☑ No

B. If yes please give company name: _____

**6.**
A. Is there a minor involved?   ☐ Yes   ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No

**FILED**
**ST. CLAIR COUNTY**
**JUL 1 1 2012**

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

# MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

*12C354*

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

Case Number _____

Amount Claimed **$50,000+**

**1.** JUDY FAHRNER, individually, and on behalf

of all others similarly situated

RAYMOND BITAR, et al.

VS

FILED
ST. CLAIR COUNTY
JUL 11 2012
CIRCUIT CLERK

Plaintiff(s)                                      Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix **L** _____ Code **01** ____ Nature of Action **Law** ____ Code **02** ____

**2.** Pltf. Atty. **Lloyd M. Cueto** _____ Code ____
Address **7110 West Main Street**
City **Belleville** _____ Phone **277-1554**
Add. Pltf. Atty. _____ Code ____
Is Personal Injury Involved
☑ Yes ☐ No
Does Pltf. Demand A Jury Trial
☑ Yes ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

**3.** NAME **Benjamin Nessim**

**Souede Angeli Law Group**

ADDRESS **121 SW Morrison St.**

Suite 400

CITY & STATE **Portland, OR 97204**

**4.** ☐ CHECK FOR SMALL CLAIMS SUMMONS      **Complete This Section For Small Claims**
Please Set This Case For _____ at ____ M. On ____ 20__
Court Location

**5.**
A. Is an insurance carrier involved? ☐ Yes ☑ No

B. If yes please give company name: _____

**6.**
A. Is there a minor involved? ☐ Yes ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary ☐ Yes ☐ No

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES



CC-MR-1

**MASTER RECORD SHEET**
**CIRCUIT COURT OF ST. CLAIR COUNTY**

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
    Complete 4 if Small Claims Case.
    Sections 3, 5 & 6 For Office use Only.

Case Number  *12-L-354*

Amount Claimed  **$50,000+**

**1.**
JUDY FAHRNER, individually, and on behalf

of all others similarly situated

RAYMOND BITAR, et al.

VS

```
FILED
ST. CLAIR COUNTY
JUL 1 1 2012
21   [signature]
CIRCUIT CLERK
```

Plaintiff(s)                                    Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix L          Code 01          Nature of Action Law          Code 02

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

**2.** Pltf. Atty. Lloyd M. Cueto          Code _____
Address 7110 West Main Street
City Belleville          Phone 277-1554
Add. Pltf. Atty. _____          Code _____
Is Personal Injury Involved
    ☑ Yes      ☐ No
Does Pltf. Demand A Jury Trial
    ☑ Yes      ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

**3.** NAME Ian J. Imrich
    Law Offices of Ian J. Imrich
ADDRESS 10866 Wilshire Boulevard
    Suite 1240
CITY & STATE Los Angeles, CA 90024

**4.** ☐ CHECK FOR
    SMALL CLAIMS SUMMONS
    **Complete This Section For Small Claims**
Please Set This Case For _____ at _____ M. On _____ 20___
                    Court Location

**5.**
A. Is an insurance carrier involved?    ☐ Yes    ☑ No

B. If yes please give company name: _____

**6.**
A. Is there a minor involved?    ☐ Yes    ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary    ☐ Yes    ☐ No

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST CLAIR COUNTY, ILLINOIS

## INITIAL MANDATORY STATUS CONFERENCE SETTING ASSIGNMENT

| FAHRNER VS BITAR | 12-L-0354 |
|---|---|

TO:   A FILE COPY

```
        FILED
    ST. CLAIR COUNTY

      AUG 1 4 2012

48    Zaheba a. Dian
      CIRCUIT CLERK
```

Date : 10/4/2012            Time : 9:00 AM            Room : 404

The above-styled case is assigned to: HON. LLOYD A. CUETO.

Counsel familiar with the case and authorized to act is ordered to appear for an Initial Mandatory Status Conference on the above date, time and courtroom pursuant to Local Rule 6.06, and Supreme Court Rule 218.

At the aforesaid conference the following shall be considered:

1.    Service upon all of the parties;
2.    Whether the case will be jury or no-jury;
3.    The nature, issues, and complexity of the case;
4.    Simplification of the issues;
5.    Amendments and challenges to the pleadings;
6.    Admissions of fact and documents;
7.    Limitations of discovery, including but not limited to written discovery, depositions, and opinion witnesses;
8.    Third parties;
9.    Scheduling of settlement conferences;
10.   Necessity of subsequent case management conferences;
11.   Trial settings.

Office of Chief Judge

L63

**OFFICE OF CHIEF JUDGE**
**ST. CLAIR COUNTY BUILDING**
10 PUBLIC SQUARE
BELLEVILLE, ILLINOIS 62220-1623

TEMP – RETURN SERVICE REQUESTED

TO:     REMSEN ELLIOT
        710 SANSOME ST
        SAN FRANCISCO,   CA    94111

PRESORTED
FIRST CLASS

UNITED STATES POSTAGE
$ 00.37⁴
02 1M
0004275262      AUG 15 2012
MAILED FROM ZIP CODE 62220
PITNEY BOWES

ST. CLAIR COUNTY
AUG 2 3 2012
Kahell O. Dixon
CIRCUIT CLERK
48

NIXIE      957 DE 1  00  08/19/12
           RETURN TO SENDER
           NOT DELIVERABLE AS ADDRESSED
                  UNABLE TO FORWARD
BC:  62220162311D   *0440-05317-17-33

Case 3:13-cv-00227-MJR-SCW Document 2-4 Filed 03/07/13 Page 64 of 105 Page ID #131

State of Illinois

# IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

PLAINTIFF

*Fahner*                  vs.

No.

*12-L-0354*

*DiTAR*                Defendant

FILED
ST. CLAIR COUNTY

OCT - 4 2012

68          *Kahlah a. Diver*
                CIRCUIT CLERK

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ......................................................................................................

IT IS THEREFORE ORDERED:

*The court recuses itself ~ the case is returned for re-assignment*

Attorneys:                                    Enter:

............................................          ............................................
           Plaintiff                                          Judge

............................................
          Defendant

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST CLAIR COUNTY, ILLINOIS

## INITIAL MANDATORY STATUS CONFERENCE SETTING ASSIGNMENT

| FAHRNER VS BITAR | 12-L-0354 |
|---|---|

TO:   A FILE COPY

FILED
ST. CLAIR COUNTY
OCT 1 6 2012
48
CIRCUIT CLERK

Date : 12/6/2012          Time : 9:00 AM          Room : 404

The above-styled case is assigned to:  HON. ANDREW GLEESON.

Counsel familiar with the case and authorized to act is ordered to appear for an Initial Mandatory Status Conference on the above date, time and courtroom pursuant to Local Rule 6.06, and Supreme Court Rule 218.

At the aforesaid conference the following shall be considered:

1. Service upon all of the parties;
2. Whether the case will be jury or no-jury;
3. The nature, issues, and complexity of the case;
4. Simplification of the issues;
5. Amendments and challenges to the pleadings;
6. Admissions of fact and documents;
7. Limitations of discovery, including but not limited to written discovery, depositions, and opinion witnesses;
8. Third parties;
9. Scheduling of settlement conferences;
10. Necessity of subsequent case management conferences;
11. Trial settings.

Office of Chief Judge

L63

OFFICE OF CHIEF JUDGE
ST. CLAIR COUNTY BUILDING
10 PUBLIC SQUARE
BELLEVILLE, ILLINOIS 62220-1623

TEMP – RETURN SERVICE REQUESTED

"Undeliverable, Commercial Mail Receiving Agent,
No Authorization to Receive Mail For This Address."

TO:    TILTWARE LLC
       10866 WILSHIRE BLVD FLOOR 4
       LOS ANGELES, CA    90024

02 HQAFLAB 29002923

PRESORTED
FIRST CLASS

UNITED STATES POSTAGE
PITNEY BOWES
$ 00.37¾
02 1M
0004275262    SEP 20 2012
MAILED FROM ZIP CODE 62220

FILED
ST. CLAIR COUNTY

OCT – 8 2012

CIRCUIT CLERK

48

00 09/27/12

917 DE 1
ATTEMPTED – NOT KNOWN
UNABLE TO FORWARD
BC: 62220162310    *0618-00922-27-31

NIXIE

**OFFICE OF CHIEF JUDGE**
**ST. CLAIR COUNTY BUILDING**
10 PUBLIC SQUARE
BELLEVILLE, ILLINOIS 62220-1623

TEMP – RETURN SERVICE REQUESTED

TO:    REMSEN ELLIOT
       710 SANSOME ST
       SAN FRANCISCO, CA   94111

02  HQAFLAB7 B941@16?}

PRESORTED
FIRST CLASS

UNITED STATES POSTAGE
$ 00.374
PITNEY BOWES
02 1M      0001461992   SEP 20 2012
MAILED FROM ZIP CODE 62220

OCT - 8 2012

CIRCUIT CLERK

48

NIXIE    957   DE 1   00  09/26/12
         RETURN TO SENDER
         ATTEMPTED - NOT KNOWN
         UNABLE TO FORWARD
BC: 62220162310   *2372-04896-26-13

OFFICE OF CHIEF JUDGE
ST. CLAIR COUNTY BUILDING
10 PUBLIC SQUARE
BELLEVILLE, ILLINOIS 62220-1623

TEMP – RETURN SERVICE REQUESTED

TO:   SHAWN CODY
      633 BATTERY STREET
      SAN FRANCISCO, CA 94111

02 IQAFSAB 94111

NIXIE     957     DE 1
RETURN TO SENDER
ATTEMPTED – NOT KNOWN
UNABLE TO FORWARD
BC: 62220162310     *2472-02167-25-24

UNITED STATES POSTAGE
PITNEY BOWES
$00.374
OCT 16 2012
PCODE 62220

FILED
ST. CLAIR COUNTY
OCT 29 2012
CIRCUIT CLERK

**OFFICE OF CHIEF JUDGE**
**ST. CLAIR COUNTY BUILDING**
10 PUBLIC SQUARE
BELLEVILLE, ILLINOIS 62220-1623

TEMP – RETURN SERVICE REQUESTED

"Undeliverable, Commercial Mail Receiving Agent,
No Authorization to Receive Mail For This Address."

TO:   TILTWARE LLC
      10866 WILSHIRE BLVD FLOOR 4
      LOS ANGELES, CA   90024

UNITED STATES POSTAGE
$00.37⁴
000427526 2   OCT 16 2012
MAILED FROM ZIPCODE 62220
PITNEY BOWES
02 1M

PRESORTED
FIRST CLASS

ST. CLAIR COUNTY
NOV - 2 2012
CIRCUIT CLERK
48

NIXIE     917   DE 1        00 10/28/12
          RETURN TO SENDER
          NOT DELIVERABLE AS ADDRESSED
          UNABLE TO FORWARD
BC:  62220162310          *0618-02160-28-25



PRESORTED
FIRST CLASS

UNITED STATES POSTAGE
PITNEY BOWES

02 1M $ 00.374[0]
0004735262    OCT 16 2012
MAILED FROM ZIP CODE 62220
ST. CLAIR COUNTY

OCT 2 9 2012

48

CIRCUIT CLERK

957 DE 1        00 10/24/12
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
BC: 62220162310    *2641-01151-24-36

NIXIE

**OFFICE OF CHIEF JUDGE**
**ST. CLAIR COUNTY BUILDING**
10 PUBLIC SQUARE
BELLEVILLE, ILLINOIS 62220-1623

TEMP – RETURN SERVICE REQUESTED

TO:    REMSEN ELLIOT
       710 SANSOME ST
       SAN FRANCISCO, CA    94111

02  IQAFSAB 94111

State of Illinois

# IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

PLAINTIFF

Fahrner                    vs.

No. 12-L-354

Biter et al          Defendant

FILED
ST. CLAIR COUNTY

DEC 6 - 2012

_Kahald a. Dixon_
CIRCUIT CLERK

22

## ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: .......... Plaintiff still effecting service

IT IS THEREFORE ORDERED:  on defendants. Matter

reset for 3/04/13 at 9 am in

court 404.

Attorneys:                                          Enter:

..............................................          ..............................................
                Plaintiff                                          Judge

..............................................
                Defendant

White—CC; Yellow—Plaintiff; Pink—Defendant

CC-1605

**MASTER RECORD SHEET**
**CIRCUIT COURT OF ST. CLAIR COUNTY**

Case Number _____ **12 L 354**

Amount Claimed _____ **$50,000+**

| Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6<br>Complete 4 if Small Claims Case.<br>Sections 3, 5 & 6 For Office use Only. |
|---|

1. **Judy Fahrner** | **Raymond Bitar et al.**

vs

*Alias*

Plaintiff(s) | Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix **L** _____ Code **01** _____ Nature of Action **Law** _____ Code **02** _____

2. Pltf. Atty. **Lloyd M. Cueto** _____ Code _____
Address **7110 West Main Street**
City **Belleville** _____ Phone **277-1554**
Add. Pltf. Atty. **Michael Gras** _____ Code _____
Is Personal Injury Involved
☐ Yes   ☑ No
Does Pltf. Demand A Jury Trial
☑ Yes   ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

3. NAME **Raymond Bitar**

ADDRESS **10866 Wilshire Boulevard, 4th Floor**

CITY & STATE **Los Angeles, CA 90024**

4. ☐ CHECK FOR SMALL CLAIMS SUMMONS   **Complete This Section For Small Claims**
Please Set This Case For _____ at _____ M. On _____ 20___
Court Location

5.
A. Is an insurance carrier involved?   ☐ Yes   ☐ No

B. If yes please give company name: _____

6.
A. Is there a minor involved?   ☐ Yes   ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No

FILED
ST. CLAIR COUNTY

JAN 2 5 2013

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

**MASTER RECORD SHEET**
**CIRCUIT COURT OF ST. CLAIR COUNTY**

| Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6 Complete 4 if Small Claims Case. Sections 3, 5 & 6 For Office use Only. | Case Number 12 L 354 |
|---|---|
| | Amount Claimed $50,000+ |

**1.** Judy Fahrner

**VS**

Raymond Bitar et al.

Alias

Plaintiff(s)                                                    Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix L          Code 01          Nature of Action Law          Code 02

**2.** Pltf. Atty. Lloyd M. Cueto          Code ___
Address 7110 West Main Street
City Belleville          Phone 277-1554
Add. Pltf. Atty. Michael Gras          Code ___
Is Personal Injury Involved
☐ Yes     ☑ No
Does Pltf. Demand A Jury Trial
☑ Yes     ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

**3.** TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME Johnson Juanda

ADDRESS 2563 Red Springs Drive

CITY & STATE Las Vegas, NV 89135

**4.** ☐ CHECK FOR SMALL CLAIMS SUMMONS

**Complete This Section For Small Claims**

Please Set This Case For _____ at _____ M. On _____ 20___
                                              Court Location

**5.**
A. Is an insurance carrier involved?   ☐ Yes   ☐ No

B. If yes please give company name: _____

**6.**
A. Is there a minor involved?   ☐ Yes   ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No

FILED
ST. CLAIR COUNTY
JAN 2 5 2013

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

# MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

| | |
|---|---|
| Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6 Complete 4 if Small Claims Case. Sections 3, 5 & 6 For Office use Only. | Case Number __12 L 354__ |
| | Amount Claimed __$50,000+__ |

**1.** Judy Fahrner

Raymond Bitar et al.

VS

Alias

**Plaintiff(s)** | **Defendant(s)**

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix __L__ _____ Code __01__ _____ Nature of Action __Law__ _____ Code __02__

**2.** Pltf. Atty. __Lloyd M. Cueto__ _____ Code _____
Address __7110 West Main Street__
City __Belleville__ _____ Phone __277-1554__
Add. Pltf. Atty. __Michael Gras__ _____ Code _____
Is Personal Injury Involved
☐ Yes   ☑ No
Does Pltf. Demand A Jury Trial
☑ Yes   ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

**3.** NAME __Nelson Burtnick__

ADDRESS 10866 Wilshire Boulevard, 4th Floor

CITY & STATE Los Angeles, CA 90024

**4.** ☐ CHECK FOR SMALL CLAIMS SUMMONS   **Complete This Section For Small Claims**
Please Set This Case For _____ Court Location _____ at _____ M. On _____ 20__

**5.**
A. Is an insurance carrier involved?   ☐ Yes   ☐ No

B. If yes please give company name: _____

FILED
ST. CLAIR COUNTY
JAN 2 5 2013

**6.**
A. Is there a minor involved?   ☐ Yes   ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

# MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

Case Number __12 L 354__

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

Amount Claimed __$50,000+__

**1.** Judy Fahrner

Raymond Bitar et al.

VS

*Alias*

Plaintiff(s)                                   Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix __L__          Code __01__          Nature of Action __Law__          Code __02__

**2.** Pltf. Atty. __Lloyd M. Cueto__          Code ____
Address __7110 West Main Street__
City __Belleville__                    Phone __277-1554__
Add. Pltf. Atty. __Michael Gras__          Code ____
Is Personal Injury Involved
☐ Yes    ☑ No
Does Pltf. Demand A Jury Trial
☑ Yea    ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**
**3.** NAME Christopher Ferguson

ADDRESS 6725 Silvery Avenue

CITY & STATE Las Vegas, NV 89108

**4.** ☐ CHECK FOR SMALL CLAIMS SUMMONS          **Complete This Section For Small Claims**
Please Set This Case For _____ at _____ M. On _____ 20__
                          Court Location

**5.**
A. Is an insurance carrier involved?   ☐ Yes   ☐ No

B. If yes please give company name: _____

**6.**
A. Is there a minor involved?   ☐ Yes   ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No

FILED
ST. CLAIR COUNTY
JAN 2 5 2013
CIRCUIT CLERK
27

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

## MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

Case Number _____ 12 L 354

Amount Claimed ___ $50,000+

1. Judy Fahrner

Raymond Bitar et al.

VS

Alia S

Plaintiff(s)                                              Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix L _____ Code 01 _____ Nature of Action Law _____ Code 02

2. Pltf. Atty. Lloyd M. Cueto _____ Code _____
   Address 7110 West Main Street
   City Belleville _____ Phone 277-1554
   Add. Pltf. Atty. Michael Gras _____ Code _____
   Is Personal Injury Involved
   ☐ Yes            ☒ No
   Does Pltf. Demand A Jury Trial
   ☒ Yes            ☐ No
   (THIS DOES NOT CONSTITUTE A JURY DEMAND)

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

3. NAME Howard Lederer

ADDRESS 99 Hawk Ridge Drive

CITY & STATE Las Vegas, NV 89135

4. ☐ CHECK FOR SMALL CLAIMS SUMMONS        Complete This Section For Small Claims

Please Set This Case For _____ at _____ M. On _____ 20___
                                    Court Location

5.
A. Is an insurance carrier involved?     ☐ Yes     ☐ No

B. If yes please give company name: _____

6.
A. Is there a minor involved?            ☐ Yes     ☒ No

B. If yes, will the appointment of a guardian Ad Litem be necessary     ☐ Yes     ☐ No

FILED
ST. CLAIR COUNTY

JAN 2 5 2013

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

# MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

Case Number _____ 12 L 354

Amount Claimed _____ $50,000+

1. Judy Fahrner

Raymond Bitar et al.

VS

Alias

Plaintiff(s)

Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix L _____ Code 01 _____ Nature of Action Law _____ Code 02 _____

2. Pltf. Atty. Lloyd M. Cueto _____ Code _____
Address 7110 West Main Street
City Belleville _____ Phone 277-1554
Add. Pltf. Atty. Michael Gras _____ Code _____
Is Personal Injury Involved
☐ Yes   ☑ No
Does Pltf. Demand A Jury Trial
☑ Yes   ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

3. NAME Phillip Ivey, Jr.

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

ADDRESS 9103 Alta Drive #1601

CITY & STATE Las Vegas, NV 89145

4. ☐ CHECK FOR SMALL CLAIMS SUMMONS   Complete This Section For Small Claims
Please Set This Case For _____ at _____ M. On _____ 20 _____
Court Location

5.
A. Is an insurance carrier involved?   ☐ Yes   ☐ No

B. If yes please give company name: _____

6.
A. Is there a minor involved?   ☐ Yes   ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No

FILED
ST. CLAIR COUNTY
JAN 2 5 2013

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

# MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

| | |
|---|---|
| Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6 Complete 4 if Small Claims Case. Sections 3, 5 & 6 For Office use Only. | Case Number **12 L 354** |
| | Amount Claimed **$50,000+** |

**1.** Judy Fahrner

VS

Raymond Bitar et al.

Plaintiff(s)                                        Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix **L**          Code **01**          Nature of Action **Law**          Code **02**

**2.** Pltf. Atty. Lloyd M. Cueto          Code ____
Address 7110 West Main Street
City Belleville          Phone 277-1554
Add. Pltf. Atty. Michael Gras          Code ____
Is Personal Injury Involved
☐ Yes          ☑ No
Does Pltf. Demand A Jury Trial
☑ Yes          ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

**3.** TO THE SHERIFF: SERVE THIS DEFENDANT AT:

NAME Rational FT Enterprises Limited

ADDRESS 33-37 Athol Street

CITY & STATE Douglas, IM1 1LB, Isle of Man

**4.** ☐ CHECK FOR SMALL CLAIMS SUMMONS          Complete This Section For Small Claims
Please Set This Case For _____ at _____ M. On _____ 20__
Court Location

**5.**
A. Is an insurance carrier involved?     ☐ Yes     ☐ No

B. If yes please give company name: _____

**6.**
A. Is there a minor involved?     ☐ Yes     ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary     ☐ Yes     ☑ No

FILED
ST. CLAIR COUNTY
JAN 2 5 2013

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

# MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

| | |
|---|---|
| **Note:** Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6 Complete 4 if Small Claims Case. Sections 3, 5 & 6 For Office use Only. | Case Number **12 L 354** |
| | Amount Claimed **$50,000+** |

**1.** Judy Fahrner

Raymond Bitar et al.

**VS**

Alias

Plaintiff(s)                                    Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix **L** _____ Code **01** _____ Nature of Action **Law** _____ Code **02** _____

**2.** Pltf. Atty. **Lloyd M. Cueto** _____ Code ____
Address **7110 West Main Street**
City **Belleville**                Phone **277-1554**
Add. Pltf. Atty. **Michael Gras** _____ Code ____
Is Personal Injury Involved
☐ Yes    ☑ No
Does Pltf. Demand A Jury Trial
☑ Yes    ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

**3.** NAME Tiltware, LLC
c/o Paracorp Inc.
ADDRESS 2804 Gateway Oaks Drive
Suite 200
CITY & STATE Sacramento, CA 95833

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

**4.** ☐ CHECK FOR SMALL CLAIMS SUMMONS        **Complete This Section For Small Claims**
Please Set This Case For _____ at _____ M. On _____ 20__
Court Location

**5.**
A. Is an insurance carrier involved?    ☐ Yes    ☐ No

B. If yes please give company name: _____

**6.**
A. Is there a minor involved?    ☐ Yes    ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary    ☐ Yes    ☐ No

FILED
ST. CLAIR COUNTY
JAN 2 5 2013
CIRCUIT CLERK

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

# MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

| | Case Number | 12 L 354 |
|---|---|---|

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

Amount Claimed  $50,000+

**1.** Judy Fahrner

Raymond Bitar et al.

VS

Alias

Plaintiff(s)

Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix L          Code 01          Nature of Action Law          Code 02

**2.** Pltf. Atty. Lloyd M. Cueto          Code ____
Address 7110 West Main Street
City Belleville          Phone 277-1554
Add. Pltf. Atty. Michael Gras          Code ____
Is Personal Injury Involved
☐ Yes     ☑ No
Does Pltf. Demand A Jury Trial
☑ Yes     ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

**3.** NAME Jennifer Harmon-Traniello

ADDRESS 9700 Timothy Drive

CITY & STATE Reno, NV 89511

**4.** ☐ CHECK FOR SMALL CLAIMS SUMMONS          Complete This Section For Small Claims
Please Set This Case For _____ at _____ M. On _____ 20____
Court Location

**5.**
A. Is an insurance carrier involved?     ☐ Yes     ☐ No

B. If yes please give company name: _____

**FILED**
**ST. CLAIR COUNTY**
**JAN 25 2013**

**6.**
A. Is there a minor involved?     ☐ Yes     ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary     ☐ Yes     ☐ No

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

# MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

Case Number __12 L 354__

Amount Claimed __$50,000+__

**1.** Judy Fahrner

Raymond Bitar et al.

vs

Alias

**Plaintiff(s)**

**Defendant(s)**

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix __L__          Code __01__          Nature of Action __Law__          Code __02__

**2.** Pltf. Atty. __Lloyd M. Cueto__          Code ____
Address __7110 West Main Street__
City __Belleville__          Phone __277-1554__
Add. Pltf. Atty. __Michael Gras__          Code ____
Is Personal Injury Involved
☐ Yes          ☑ No
Does Pltf. Demand A Jury Trial
☑ Yes          ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

**3.** NAME Erick Lindgren

ADDRESS 1481 Bench Road

CITY & STATE New Port, WA 99156

**4.** ☐ CHECK FOR
SMALL CLAIMS SUMMONS          **Complete This Section For Small Claims**
Please Set This Case For _____ at _____ M. On _____ 20___
                              Court Location

FILED
ST. CLAIR COUNTY
JAN 15 2013
CIRCUIT CLERK

**5.**
A. Is an insurance carrier involved?          ☐ Yes          ☐ No

B. If yes please give company name: _____

**6.**
A. Is there a minor involved?          ☐ Yes          ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary          ☐ Yes          ☐ No

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

# MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

**12 L 354**

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

**Case Number** _____ 12 L 354

**Amount Claimed** $50,000+

1. Judy Fahrner

Raymond Bitar et al.

**VS**

Alias

**Plaintiff(s)**

**Defendant(s)**

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix L _____ Code 01 _____ Nature of Action Law _____ Code 02

2. Pltf. Atty. Lloyd M. Cueto _____ Code ____
   Address 7110 West Main Street
   City Belleville _____ Phone 277-1554
   Add. Pltf. Atty. Michael Gras _____ Code ____
   Is Personal Injury Involved
   ☐ Yes   ☑ No
   Does Pltf. Demand A Jury Trial
   ☑ Yes   ☐ No
   (THIS DOES NOT CONSTITUTE A JURY DEMAND)

3. NAME Phillip Gordon

   **TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

   ADDRESS 1481 Bench Road

   CITY & STATE New Port, WA 99156

4. ☐ CHECK FOR SMALL CLAIMS SUMMONS

   **Complete This Section For Small Claims**

   Please Set This Case For _____ Court Location _____ at _____ 20 ___

   FILED
   ST. CLAIR COUNTY
   JAN 2 5 2013
   MISSOURI CLERK

5.
   A. Is an insurance carrier involved?   ☐ Yes   ☐ No

   B. If yes please give company name: _____

6.
   A. Is there a minor involved?   ☐ Yes   ☑ No

   B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

# MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

Case Number ___ 12 L 354 _____

Amount Claimed ___ $50,000+ _____

**1.** Judy Fahrner

Raymond Bitar et al.

VS

Alias

**Plaintiff(s)**                    **Defendant(s)**

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix L _____ Code 01 _____ Nature of Action Law _____ Code 02 _____

**2.** Pltf. Atty. Lloyd M. Cueto _____ Code ____
Address 7110 West Main Street _____
City Belleville _____ Phone 277-1554 ____
Add. Pltf. Atty. Michael Gras _____ Code ____
Is Personal Injury Involved
☐ Yes    ☑ No
Does Pltf. Demand A Jury Trial
☑ Yes    ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

**3.** NAME Allen Cunningham

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

ADDRESS 7920 Castle Pines Drive

CITY & STATE Las Vegas, NV 89113

**4.** ☐ CHECK FOR SMALL CLAIMS SUMMONS    **Complete This Section For Small Claims**
Please Set This Case For _____ at _____ M. On _____ 20___
Court Location

**5.**
A. Is an insurance carrier involved? ☐ Yes ☐ No

B. If yes please give company name: _____

FILED
ST. CLAIR COUNTY
JAN 2 5 2013

**6.**
A. Is there a minor involved? ☐ Yes ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary ☐ Yes ☑ No

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

# MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

Case Number __12 L 354__

Amount Claimed __$50,000+__

**1.** Judy Fahrner

Raymond Bitar et al.

VS

Alias

Plaintiff(s)                                    Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix __L__          Code __01__          Nature of Action __Law__          Code __02__

**2.** Pltf. Atty. Lloyd M. Cueto          Code ____
Address 7110 West Main Street
City Belleville          Phone 277-1554
Add. Pltf. Atty. Michael Gras          Code ____
Is Personal Injury Involved
☐ Yes          ☑ No
Does Pltf. Demand A Jury Trial
☑ Yes          ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

**3.** NAME Mike Matusow

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

ADDRESS 1763 Quiver Point Avenue

CITY & STATE Henderson NV 89012

**4.** ☐ CHECK FOR SMALL CLAIMS SUMMONS          Complete This Section For Small Claims
Please Set This Case For _____ at _____ M. On _____ 20___
Court Location

**5.**
A. Is an insurance carrier involved?     ☐ Yes     ☐ No

B. If yes please give company name: _____

**6.**
A. Is there a minor involved?     ☐ Yes     ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary     ☐ Yes

FILED
ST. CLAIR COUNTY
JAN 2 5 2013

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

## MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

**Case Number**   12 L 354

Note: Pltf. Atty. or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

**Amount Claimed**   $50,000+

1. Judy Fahrner

Raymond Bitar et al.

VS

Alias

**Plaintiff(s)**                                              **Defendant(s)**

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix **L**          Code **01**          Nature of Action **Law**          Code **02**

2. Pltf. Atty. **Lloyd M. Cueto**          Code ____
   Address **7110 West Main Street**
   City **Belleville**          Phone **277-1554**
   Add. Pltf. Atty. **Michael Gras**          Code ____
   Is Personal Injury Involved
   ☐ Yes     ☑ No
   Does Pltf. Demand A Jury Trial
   ☑ Yes     ☐ No
   (THIS DOES NOT CONSTITUTE A JURY DEMAND)

3. TO THE SHERIFF: SERVE THIS DEFENDANT AT:
   NAME **Andrew Bloch**

   ADDRESS **8941 Diamond Falls Drive, #101ED**

   CITY & STATE **Las Vegas, NV 89117**

4. ☐ CHECK FOR SMALL CLAIMS SUMMONS          **Complete This Section For Small Claims**
   Please Set This Case For _____ at _____ M. On _____ 20__
   Court Location

5. A. Is an insurance carrier involved?   ☐ Yes   ☐ No

   B. If yes please give company name: _____

6. A. Is there a minor involved?   ☐ Yes   ☑ No

   B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No

FILED
ST. CLAIR COUNTY
JAN 2 5 2013
CIRCUIT CLERK

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

## MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

Case Number _____ **12 L 354**

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

Amount Claimed _____ **$50,000+**

1. **Judy Fahrner**

**Raymond Bitar et al.**

VS

*Alias*

Plaintiff(s)                                                Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix **L** _____ Code **01** _____ Nature of Action **Law** _____ Code **02** _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

2. Pltf. Atty. **Lloyd M. Cueto** _____ Code _____
Address **7110 West Main Street**
City **Belleville** _____ Phone **277-1554**
Add. Pltf. Atty. **Michael Gras** _____ Code _____
Is Personal Injury Involved
☐ Yes    ☑ No
Does Pltf. Demand A Jury Trial
☑ Yes    ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

3. NAME **Erick Seidel**

ADDRESS **9733 Queen Charlotte Drive**

CITY & STATE **Las Vegas, NV 89145**

4. ☐ CHECK FOR SMALL CLAIMS SUMMONS          **Complete This Section For Small Claims**
Please Set This Case For _____ at _____ M. On _____ 20 __
                                    Court Location

5.
A. Is an insurance carrier involved?   ☐ Yes   ☐ No

B. If yes please give company name: _____

6.
A. Is there a minor involved?   ☐ Yes   ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No

FILED
ST. CLAIR COUNTY
JAN 2 5 2013
CIRCUIT CLERK

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

CC-MR-1

IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT ST. CLAIR
COUNTY, ILLINOIS

JUDY FAHRNER, individually, and on behalf of all
others similarly situated                                                      )
                                                                                        )   Case No.: 12 L 354
                                                                                        )
                                                                                        )   FILED
                                                                                        )   ST. CLAIR COUNTY
                                                                                        )   JAN 2 5 2013
                                      Plaintiffs,                                )
                                                                                        )
        v.                                                                            )
                                                                                        )
RAYMOND BITAR; NELSON BURTNICK;                             )   CLASS ACTION COMPLAINT
FULL TILT POKER, LTD; TILTWARE, LLC;                           )
VANTAGE, LTD; FILCO, LTD.; KOLYMA CORP.               )
A.V.V.; POCKET KINGS LTD.;                                             )
POCKET KINGS CONSULTING LTD.;                                 )
RANSTON LTD.; MAIL MEDIA LTD.;                                  )
HOWARD LEDERER; PHILLIP IVEY JR.;                           )   JURY TRIAL DEMAND
CHRISTOPHER FERGUSON; JOHNSON                             )
JUANDA; JENNIFER HARMON-TRANIELLO;                   )
PHILLIP GORDON; ERICK LINDGREN; ERIK               )
SEIDEL; ANDREW BLOCH; MIKE MATUSOW;                )
GUS HANSEN; ALLEN CUNNINGHAM; PATRIK             )
ANTONIUS, RAFAEL FURST,RATIONAL FT                     )
ENTERPRISES LIMITED.                                                    )
                                                                                        )
                                      Defendants.                                )

## MOTION FOR LEAVE TO AMEND PURSUANT TO 735 ILCS 5/2-616 TO FILE THE FIRST AMENDED COMPLAINT

**COME NOW** the Plaintiff, by and through counsel, and in support of her Motion for Leave to

Amend Pursuant to 735 ILCS 5/2-616 to file the First Amended Complaint, state as follows:

1.   Plaintiff filed her original Complaint in this matter on July 11, 2012.

2.   Investigation reveals that Rational FT Enterprises is a proper party to this action and has

been added to Plaintiff's First Amended Complaint.

3.   Section 2-616(a) of the Code of Civil Procedure provides, in pertinent part, that "[a]t any

time before final judgment amendments may be allowed on just and reasonable terms, introducing

any party." 735 ILCS 5/2-616(a) (West 2006). Section 2-616(a) allows for amendments that may

enable the plaintiff to sustain the claim for which it was intended to be brought, particularly where

doing so does not prevent the defendant from making a defense.

    4.    The Defendants will suffer no legal prejudice by allowing the filing of the First Amended

Complaint.

    WHEREFORE, the Plaintiffs pray that the Court grant the filing of the Plaintiff's First

Amended Complaint.

Lloyd M. Cueto, IL #06292629
Law Office of Lloyd M. Cueto
7110 West Main Street
Belleville, IL 62223
Phone: (618) 277-1554
Fax: (618) 277-0962

**ATTORNEYS FOR PLAINTIFF**

## IN THE CIRCUIT COURT OF THE
## TWENTIETH JUDICIAL CIRCUIT ST. CLAIR
## COUNTY, ILLINOIS

JUDY FAHRNER, individually, and on behalf of all )
others similarly situated                         )     Case No.: 12 L 354
                                                  )
                                                  )
                                                  )     FILED
                                                  )     ST. CLAIR COUNTY
                          Plaintiffs,             )
                                                  )     JAN 2 5 2013
          v.                                      )
                                                  )
RAYMOND BITAR; NELSON BURTNICK;                   )     CLASS ACTION COMPLAINT
FULL TILT POKER, LTD; TILTWARE, LLC;              )
VANTAGE, LTD; FILCO, LTD.; KOLYMA CORP.           )
A.V.V.; POCKET KINGS LTD.;                        )
POCKET KINGS CONSULTING LTD.;                     )
RANSTON LTD.; MAIL MEDIA LTD.;                    )
HOWARD LEDERER; PHILLIP IVEY JR.;                 )     JURY TRIAL DEMAND
CHRISTOPHER FERGUSON; JOHNSON                     )
JUANDA; JENNIFER HARMON-TRANIELLO;                )
PHILLIP GORDON; ERICK LINDGREN; ERIK              )
SEIDEL; ANDREW BLOCH; MIKE MATUSOW;               )
GUS HANSEN; ALLEN CUNNINGHAM; PATRIK              )
ANTONIUS, RAFAEL FURST,RATIONAL FT                )
ENTERPRISES LIMITED.                              )
                                                  )
                          Defendants.             )
                                                  )

## ORDER

For good cause shown, Plaintiff's Motion for Leave to Amend Pursuant to 735 ILCS 5/2-

616 and to File the First Amended Complaint is hereby GRANTED.

_Jenny 25, 2013_                          _[signature]_
DATE                                      JUDGE

Page 1 of 1
12 L 354

ST CLAIR COUNTY
TWENTIETH CIRCUIT COURT, KAHALAH A. DIXON

**RECEIPT #:** C   000320666          **DATE:** 01-25-2013          **TIME:** 10:31:26
**RECEIVED OF:** CUETO LLOYD A                                    **MEMO:**
**PART. ID:** 1536
**BY CLERK:** MG
**CHECKS:** A   2033                          $80.00

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $0.00 | $0.00 | $0.00 | $0.00 |

| | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|---|-------|-------------|---------|--------|
| **CASE NUMBER** 12-L-0354 FAHRNER VS BITAR PARTY: CUETO LLOYD A | 2010 | PMT:CALSUM ALIAS SUMMONS | | $70.00 |
| 12-L-0444 SONNENBERG VS SCHEINBERG PARTY: CUETO LLOYD A | 2010 | PMT:CALSUM ALIAS SUMMONS | | $10.00 |

**TOTAL RECEIPT...**          $80.00

*   CHECK/CHEQUE IS CONDITIONAL PAYMENT
* PENDING RECEIPT OF FUNDS FROM BANK. *

# MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

**12 L 354**

| Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6 | Case Number | 12 L 354 |
|---|---|---|
| Complete 4 if Small Claims Case. Sections 3, 5 & 6 For Office use Only. | Amount Claimed | $50,000+ |

1. **Judy Fahrner**

**Raymond Bitar et al.**

VS

Alias

Plaintiff(s)

Alias

Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix **L** _____ Code **01** _____ Nature of Action **Law** _____ Code **02** _____

2. Pltf. Atty. **Lloyd M. Cueto** _____ Code _____
Address **7110 West Main Street**
City **Belleville** _____ Phone **277-1554**
Add. Pltf. Atty. **Michael Gras** _____ Code _____
Is Personal Injury Involved
☐ Yes ☑ No
Does Pltf. Demand A Jury Trial
☑ Yes ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
3. NAME **Tiltware, LLC**
     **c/o Paracorp Inc.**
ADDRESS **2804 Gateway Oaks Drive**
     **Suite 200**
CITY & STATE **Sacramento, CA 95833**

4. ☐ CHECK FOR SMALL CLAIMS SUMMONS     **Complete This Section For Small Claims**
Please Set This Case For _____ at _____ M. On _____ 20___
     Court Location

5.
A. Is an insurance carrier involved? ☐ Yes ☐ No

B. If yes please give company name: _____

6.
A. Is there a minor involved? ☐ Yes ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary ☐ Yes ☐ No

FILED
ST. CLAIR COUNTY
JAN 29 2013
CIRCUIT CLERK

# SEE REVERSE FOR
# CASE CLASSIFICATIONS AND CODES

MR-1

## CODE – NATURE OF ACTION

| Type of Case | | Prefix | Code |
|---|---|---|---|
| Law over $15,000 | Jury | L | 01 |
| | Non Jury | L | 02 |
| Law $1,000 to $15,000 | Jury | LM | 03 |
| | Non Jury | LM | 04 |
| $1,000.00 & under Small Claims | | SC | 05 |
| TAX | | TX | 06 |
| Eminent Domain | | ED | 07 |
| Misc. Remedies | | MR | 08 |
| Chancery | | CH | 09 |
| Family | | F | 10 |
| Divorce | | D | 11 |
| Probate | | P | 12 |
| Felony | | CF | 13 |
| Juvenile | | J | 14 |
| Mental Health | | MH | 15 |
| Municipal Corporations | | MC | 16 |

**CASE CLASSIFICATION**

**LAW - (L Cases, over $15,000; LM Cases, $1,000 to $15,000)**
1. Tort - Money Damages - Auto
2. Tort - Money Damages - Other
3. Contract - Money Damages
4. Confession of Judgment
5. Forcible entry and Detainer
6. Distress for Rent
7. Statutory Action by State to Recover Support or Contribution
8. Arbitration and Award
9. Decldue
10. Ejectment
11. Replevin
12. Power
13. Other (Specify):

**SMALL CLAIMS - SC CASES**
**$1,000 and Under**
1. Tort or Contract for money
2. Collection of Taxes
3. Other (Specify):

**CHANCERY - (CH Cases): ORIGINAL actions for equitable relief, except DIVORCE:**
1. Injunctions (except in TAX cases)
2. Real Estate or Chattel Mortgage Foreclosure
3. Mechanic Lien Foreclosure
4. Partnership Dissolution
5. Specific Performance
6. Will Contest
7. Construction of Will
8. Construction of Inter Vivos Trust
9. Construction of Testamentary Trust
10. Trust Administration
11. Quiet Title
12. Other (Specify):

**MISCELLANEOUS REMEDIES (MR Cases)**
1. Review of Administrative Proceedings (Other than Tax Commission)
2. Declaratory Judgment
3. Corporation Dissolution
4. Change of Name
5. Habeas Corpus (Civil)
6. Mandamus
7. Prohibition
8. Quo Warranto
9. Attachment, Original action for
10. Ne Exeat, Original action for
11. Escheat
12. Scire Facias (regardless of amt.)
13. Burnt Records
14. Certiorari
15. Election Contest
16. Other (Specify):

**DIVORCE (D Cases)**
1. Divorce
2. Annulment
3. Separate Maintenance
4. Other _____

**ADMINISTRATION OF ESTATES (P Cases)**
1. Decedent - Testate
2. Decedent - Intestate
3. Conservatorship of Person
4. Conservatorship of Estate
5. Conservatorship of Person and Estate
6. Guardianship of Person
7. Guardianship of Estate
8. Guardianship of Person and Estate
9. Administrator to Collect
10. Other (Specify):

**TAX (TX Cases): Relating to taxes and special assessments (excluding tax cases under small claims procedure) including:**
1. Recovery of Delinquent Personal Property taxes
2. Retailer's Occupation Tax
3. Tax Refund, Petition for
4. Tax Foreclosure
5. Tax Injunction
6. Annual Tax Sale
7. Scavenger Tax Sale
8. Inheritance Tax Proceeding (Where there is no probate proceeding)
9. Tax Commission, Review of decision
10. Drainage Assessment
11. Special Assessment
12. Foreclosure of lien for special assessments
13. Suit to restrain collection of special assessments
14. Other (Specify):

**EMINENT DOMAIN (ED Cases)**

**MENTAL HEALTH (MH Cases) (Only if original actions)**
1. Commitment
2. Petition for Discharge
3. Petition for Restoration
4. Other (Specify):

**FELONY (CF Cases): Indictment charging felony if not preceded by pre-arraignment proceeding:**
1. Capital Offense
2. Non-capital Offense
3. Habeas Corpus (detained) or Coram Nobis
4. Fugitive Warrant or Waiver of Extradition

**MISDEMEANOR (UM Cases): Any misdemeanor, including all offenses for which no penalty is otherwise provided; but excluding traffic and conservation cases, ordinance violations, non-support cases or cases involving families and/or minor children.**
1. Misdemeanor punishable by fine and/or jail
2. Indictment charging misdemeanor punishable by imprisonment in the penitentiary if not preceded by pre-arraignment proceeding

**FAMILY (F Cases): Excluding Divorce, but including:**
1. Adoption
2. Reciprocal Non-support
3. Paternity Act
4. Neglect and Refusal to Support
5. Petition for Juvenile Marriage
6. Other (Specify)

**JUVENILE (J Cases): Proceedings under the Juvenile Court Acts:**
1. Delinquency
2. Minor in Need of Supervision
3. Dependency
4. Neglect
5. Truancy
6. Other (Specify):

**MUNICIPAL CORPORATIONS (MC Cases):**
1. Petition to Organize Municipal Corporation
2. Other (Specify):

**ST CLAIR COUNTY**
**TWENTIETH CIRCUIT COURT, KAHALAH A. DIXON**

RECEIPT #: C   000320885
RECEIVED OF: CUETO LLOYD M
PART. ID: 726303
BY CLERK: gt
CHECKS: A   2057

DATE: 01-29-2013

TIME: 11:19:26
MEMO:

$5.00

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $0.00 | $0.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|-------------|-------|-------------|---------|--------|
| 12-L-0354 | 2010 | PMT:CALSUM ALIAS SUMMONS | | $5.00 |
| FAHRNER VS BITAR | | | | |
| PARTY: CUETO LLOYD M | | | | |

TOTAL RECEIPT...                                          $5.00

* CHECK/CHEQUE IS CONDITIONAL PAYMENT
* PENDING RECEIPT OF FUNDS FROM BANK. *

**ST CLAIR COUNTY**
**TWENTIETH CIRCUIT COURT, KAHALAH A. DIXON**

RECEIPT #: C   000321010          DATE: 01-30-2013          TIME: 16:16:00
RECEIVED OF: MATHIS MARIFIAN & RICHTER LTD                 MEMO: 12L354
     PART. ID: 816806                                            FAHRNER VS BITAR
  BY CLERK: MG
    CHECKS:                                                 SUSPENSE ACCT ID: 000000002

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $0.00 | $0.00 | $0.00 | $21.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|-------------|-------|-------------|---------|--------|
| | 2021   PMT:CCOPY COPIES | | | $21.00 |
| | | TOTAL RECEIPT... | | $21.00 |

| ATTORNEY (Name and Address): | SBN: | FOR COURT USE ONLY |
|---|---|---|
| Law Office of Lloyd M Cueto<br>7110 West Main St<br>Belleville, IL 62223 | (618) 277-1554 | |

E-MAIL:

ATTORNEY FOR: **Judy Fahrner**

NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:

**State of Illinois, InThe Circuit Ct.**

, IL

| PLAINTIFF:<br>Judy Fahrner | COURT CASE NO.:<br>12L354 |
|---|---|
| DEFENDANT:<br>Raymond Bitar, et al | LEVYING OFFICER FILE NO.:<br>2013003463 |

## Proof of Service - Summons

**FILED**
ST. CLAIR COUNTY
FEB 1 8 2013
CIRCUIT CLERK

1. At the time of the service I was at least 18 years of age and not a party to this action.

2. I served copies of the:
   f. other (specify documents): **Summons and Complaint**

3. a. Party served: **Tiltware, LLC**
   b. Person (other than the party in item 3a) served on behalf of the entity or as an authorized agent (and not a person under item 5b on whom substituted service was made): **Paracorp Incorporated, Agent, by leaving with Jancy Reyes, Client Representative, per policies and procedures per 416.90**

4. Address where party was served: **2804 Gateway Oaks Dr Ste 200 Sacramento, CA 958334346**

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of the process for the party (1) on: 02/06/2013 (2) at: 01:35 PM.

7. Person who served papers:
   a. Name: **D. Snow**
   b. Address: **Sheriff's Civil Bureau 3341 Power Inn Road, #313 Sacramento, CA 95826-3889**
   c. Telephone Number: **(916) 875-2665**
   d. The fee for service was: **$35.00**

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**DONNA SNOW**

Friday, February 08, 2013

Hearing: <No Information>

Sheriff's Authorized Agent

Scott R. Jones, Sheriff

Remarks

Judicial Council form POS-010      **Attorney/Plaintiff**      0/730474

Law Office of Lloyd M Cueto
7110 West Main St
Belleville, IL 62223

*** This certificate ONLY for out of state courts ***
CERTIFICATE OF ACKNOWLEDGEMENT

State of **California**
County of **Sacramento**

On _____ , before me _____ ,

personally appeared _____ , who proved to me on the basis

of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that

he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the

person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

(NOTARY SEAL)                                    WITNESS my hand and official seal.

_____

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

**Case Number** 12 L 354

**Amount Claimed** $50,000+

| | | |
|---|---|---|
| Judy Fahrner | | Raymond Bitar et al. |
| | VS | |
| Alias | | *Alias* |
| **Plaintiff(s)** | | **Defendant(s)** |

Classification Prefix L _____ Code 01 _____ Nature of Action Law _____ Code 02 _____

Pltf. Atty. Lloyd M. Cueto _____ Code _____
Address 7110 West Main Street _____
City Belleville _____ Phone 277-1554 _____
Add. Pltf. Atty. Michael Gras _____ Code _____

## SUMMONS COPY

To the above named defendant(s) . . . . . :

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME Tiltware, LLC
c/o Paracorp Inc.
ADDRESS 2804 Gateway Oaks Drive
Suite 200
CITY & STATE Sacramento, CA 95833

☐ **A.** You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20 _____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ **B.** You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, 1-29 20 13

Kahalah A Clay
Clerk of Court

BY DEPUTY: _____

**SEAL**

DATE OF SERVICE: _____ 20 _____
(To be inserted by officer on copy left with defendant or other person)

**NOTICE TO DEFENDANT IN SMALL CLAIMS UNDER $15,000 — — SEE REVERSE SIDE**

CC-MR-1

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                             Date of service

_____            _____

_____            _____

_____            _____

_____            _____

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

(c) - (Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ ......... $ _____ |
| Total . . . . . . . . . . . . . . . . . . . . $ _____ |
| _____ |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy

# LAW OFFICE OF LLOYD M. CUETO

## ATTORNEY AT LAW

**7110 WEST MAIN ST.**
**BELLEVILLE, ILLINOIS 62223**

LLOYD M. CUETO
LICENSED IN ILLINOIS & MISSOURI

(618) 277-1554
FAX (618) 277-0962
CUETOLM@CUETOLAW.COM

February 11, 2013

Attention: Civil Division
Hon. Kahalah Clay
Clerk of the Circuit Court
10 Public Square
Belleville, IL 62220

FILED
ST. CLAIR COUNTY

FEB 1 3 2013

Kahalah a. Clay
CIRCUIT CLERK

Re:    Fahrner v. Bitar
No.    12 L 354

Dear Ms. Clay:

Enclosed please find Proof of Service on the Defendant, Tiltware, with regard to the above referenced case.

Very truly yours,

Lloyd M. Cueto

LMC:lmb
Enclosure

**ST CLAIR COUNTY**
**TWENTIETH CIRCUIT COURT, KAHALAH A. DIXON**

RECEIPT #: C   000322095          DATE: 02-15-2013          TIME: 14:32:44
RECEIVED OF: MATHIS MARIFIAN & RICHTER LTD          MEMO: 12L354
PART. ID: 816806                              FAHRNER VS BITAR
BY CLERK: gt
CHECKS:                                        SUSPENSE ACCT ID: 000000002

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $0.00 | $0.00 | $0.00 | $2.50 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|-------------|-------|-------------|---------|--------|
| | 2021 | PMT:CCOPY COPIES | | $2.50 |
| | | TOTAL RECEIPT... | | $2.50 |

**ST CLAIR COUNTY**
**TWENTIETH CIRCUIT COURT, KAHALAH A. DIXON**

RECEIPT #: C   000322095          DATE: 02-15-2013          TIME: 14:32:44
RECEIVED OF: MATHIS MARIFIAN & RICHTER LTD          MEMO: 12L354
        PART. ID: 816806                                    FAHRNER VS BITAR
     BY CLERK: gt
       CHECKS:                                   SUSPENSE ACCT ID: 000000002

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $0.00 | $0.00 | $0.00 | $2.50 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|-------------|-------|-------------|---------|--------|
|  | 2021    PMT:CCOPY COPIES |  |  | $2.50 |
|  |  | TOTAL RECEIPT... |  | $2.50 |

# LAW OFFICE OF LLOYD M. CUETO

## ATTORNEY AT LAW

### 7110 WEST MAIN ST.
### BELLEVILLE, ILLINOIS 62223

**LLOYD M. CUETO**
LICENSED IN ILLINOIS & MISSOURI

(618) 277-1554
FAX (618) 277-0962
CUETOLM@CUETOLAW.COM

February 20, 2013

Attention: Civil Division
Hon. Kahalah Clay
Clerk of the Circuit Court
10 Public Square
Belleville, IL 62220



Re:   Fahrner v. Bitar
No.   12 L 354

Dear Ms. Clay:

  Enclosed please find an Alias Summons on Defendant, Jennifer Harmon-Traniello. I ask that you please issue the Alias Summons as follows and return a copy in the self-addressed stamped envelope enclosed:

    Jennifer Harmon-Traniello
    9103 Alta Drive, Apt 1003
    Las Vegas, NV 89145.

  Also enclosed please find my firm's check in the amount of $5.00.

Very truly yours,

Lloyd M. Cueto

LMC:lmb
Enclosure

ST CLAIR COUNTY
TWENTIETH CIRCUIT COURT, KAHALAH A. DIXON

RECEIPT #: C   000322480                DATE: 02-22-2013                 TIME: 15:26:34
RECEIVED OF: CUETO LLOYD M                                              MEMO:
PART. ID: 726303
BY CLERK: gt
CHECKS: A   2111                         $5.00

CASH                 CREDIT                CHANGE                OTHER
$0.00                $0.00                 $0.00                 $0.00

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|---|---|---|---|---|
| 12-L-0354 | 2010 | PMT:CALSUM ALIAS SUMMONS | | $5.00 |
| FAHRNER VS BITAR | | | | |
| PARTY:  CUETO LLOYD M | | | | |

TOTAL RECEIPT...                    $5.00

*   CHECK/CHEQUE IS CONDITIONAL PAYMENT
* PENDING RECEIPT OF FUNDS FROM BANK. *

## MASTER RECORD SHEET
## CIRCUIT COURT OF ST. CLAIR COUNTY

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office use Only.

**Case Number** 12 L 354

**Amount Claimed** $50,000+

**1.** Judy Fahrner

Raymond Bitar et al.

VS

*Alias*

Plaintiff(s) | Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix L    Code 01    Nature of Action Law    Code 02

**2.** Pltf. Atty. Lloyd M. Cueto    Code
Address 7110 West Main Street
City Belleville    Phone 277-1554
Add. Pltf. Atty. Michael Gras    Code
Is Personal Injury Involved
☐ Yes   ☑ No
Does Pltf. Demand A Jury Trial
☑ Yes   ☐ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
**3.** NAME Jennifer Harmon-Traniello

ADDRESS 9103 Alta Drive, Apt 1003

CITY & STATE Las Vegas, NV 89145

**4.** ☐ CHECK FOR SMALL CLAIMS SUMMONS    **Complete This Section For Small Claims**
Please Set This Case For _____ at _____ M. On _____ 20___
Court Location

**5.**
A. Is an insurance carrier involved? ☐ Yes   ☐ No

B. If yes please give company name: _____

**6.**
A. Is there a minor involved?    ☐ Yes   ☑ No

B. If yes, will the appointment of a guardian Ad Litem be necessary ☐ Yes   ☐ No

## SEE REVERSE FOR
## CASE CLASSIFICATIONS AND CODES

FILED
ST. CLAIR COUNTY
FEB 27 2013

CC-MR-1

State of Illinois

**IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS**

PLAINTIFF

Fehrner          vs.

Bitar et. al.          Defendant

No. 12 - L - 354

FILED
ST. CLAIR COUNTY
MAR 4 - 2013
CIRCUIT CLERK
22

**ORDER**

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: _____ as plaintiff advises court

IT IS THEREFORE ORDERED: that service is in progress pursuant to Hague convention procedure.

Above styled cause is reset for status conference on 5/13/13 at 9am in courtroom 404.

Attorneys:                    Enter:

_____            _____
Plaintiff                         Judge

_____
Defendant

FREEBURG PRINTING & PUBLISHING, INC. • 618-539-3320

CCM-95